Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 This is an appeal from a decree of the Circuit Court of the United States for the county of Washington, in the District of Columbia, on the following case:
 

 In the year 1797, the Legislature of Maryland, among certain additional powers given to the Corporation of Georgetown, enacted, that they “ shall have full power and authority to make such by-laws and ordinances for the graduation and- levelling of the streets, lanes and alleys within the jurisdiction of the same town, as they may judge necessary for the benefit
 
 thereof.”
 
 — Act
 
 of Nov.
 
 1797, c., 56. s. vi. p. 35.
 

 In pursuance of this authority, the Corporation
 
 *594
 
 passed an ordinance in May; 1799, for the graduation of certain streets — the first section of which appoints commissioners, a: 1 authorizes them “ to make the level and graduation of the streets;?’ and the se-eon(] js jn these words:
 

 “ And be it ordained, that the said level and graduation, when sighed by the said commissioners or a majority of them, and returned to the clerk of this Corporation, shall be forever thereafter considered as the true graduation of the streets so graduated, and be binding upon this Corporation, and all other persons whatever, and be forever thereafter regarded in making improvements upon said streets.”
 

 The plaintiff in error owned lots upon one of these streets, and made improvements thereon, according to the graduation made and returned to the clerk of the Corporation; under the directions of this ordinance. In September, 1816, the corporation passed another ordinance, directing the level and graduation of this street to be altered ; and the commissioners appointed, being about to cut down the street by the plaintiff’s house, were enjoined from proceeding by a bill filed by the plaintiff against them and the Corporation.
 

 Upon the final hearing of this case, the Circuit Court dismissed the bill, being of opinion that the Corporation had the power asserted in tneir answer, of altering the level and graduation of a street graduated under their former ordinance of May, 1799.
 

 The counsel for the appellant contends, that the Circuit Court erred in dismissing his bill, because,
 

 1st. The power to graduate streets as given by
 
 *595
 
 the Legislature of Maryland, was not a continuing power, but was completely executed by the ordinance óf May, 1799, and has never been renewed.
 

 2d. The ordinance of May, 1739, is in the nature of a compact, and is unalterable.
 

 1. The language of the act certainly does not imply that the power it confers is exhausted in its first exercise. The power is not “ to graduate and level the streets,” or “ to make a by-law for the graduation and levelling of the streetsbut “ to make suGh by-laws and ordinances for the graduation and level-ling of the streets, &c. vvithin the jurisdiction of the same town, as they may judge necessary for the benefit thereof.”
 

 The act seems to contemplate a continuance of the power, and a repetition of the by laws and oi-dinances, as the Corporation “ may judge necessary for the benefit of the town.” It gives a power to legislate on the subject, and to pass more than one bylaw and ordinance respecting it. Unless, then, there be in the nature of the operation something which forbids its repetition, the words of the act import no such prohibition.
 

 There can be no doubt that the power of graduating and levelling the streets ought not to be capriciously exercised. Like all power, it is susceptible of abuse. .But it is.trusted to the inhabitants themselves, who elect the corporate body, and who may therefore be expected to'consult the interests of the town.
 

 Although this power may be oppressively repeated, thfe possession of it cannot be pronounced so impro
 
 *596
 
 per or so dangerous, as to control, essentially, the words which confer it. The graduation and level-ling of the streets, is not, necessarily, a single opera-tiori. There may be circumstances to produce a ge-nerai desire to vary the graduation, to bring the streets more, nearly on a level than was contemplated in the first ordinance ': and,.if this may occur, We cannot say that. the legislature could not intend to give this power of varying the graduation, when the words they employ are adapted to the giving of it. .
 

 Two acts of Congress for ..amending the charter of Georgetown have been relied on. . That passed in January, 1805, empowers the Corporation “to open and extend, and regulate streets within the limits of the saidf town, pr ivided they, make to the person or persons whb ma; be injured by such opening, extension, or regulation, just and adequate compensation, to be sustained by the verdict; of an impartial jury, summoned,?’ &c. “who shall proceed in like manner, as has beéfi usual in other cases, where private property has been condemned for public use.”
 

 For the Corporation, it has been contended, that the word “regulate’.’ implies some operation on the streets themselves,,or> is ..entirely senseless ; and if it implies any . such operation, it must comprehend thpir graduation.
 

 The objection, made by Counsel to this argument, is, the improbability that the word “ regulate,” would be substituted for “ graduate,” if it were used in the same sense ; and the words directing tho duty of the jury. They are to “.proceed in like manner, as-has been usual in
 
 other
 
 cases, where private property has
 
 *597
 
 been condemned for public use.’’ The word
 
 11
 
 regulate,” then, it is said, is shown by this expression, to be applicable only to those cases in which private property is condemned to public use, which is not done in graduating a street. -
 

 This construction is supposed to be strengthened by the act of 1809, which again empowers the Corporation “ to lay out, open, extend, and regulate streets, lanes and allies,” but confines the use of the jury for assessing damages to those,sustained
 
 “ by
 
 reason of opening or extending any street, lane or alley.”
 

 The opinion that the original power continues after it's first exercise, renders it unnecessary to decide on the extent which may and ought to be given to the word
 
 e‘
 
 regulate.”
 

 2. The second point presents a question of some difficulty. One object of the ordinance probably was, to give as much validity to the graduation made by the commissioners, as if it had been made under the direct superintendance of the corporate body. But ú cannot bé disguised, that a promise is held forth to all who should build on the graduated streets, that the graduation should be unalterable. The Court, howrever, feels great difficulty in saying, that this ordinance can operate as a perpetual restraint on the Corporation.
 

 When a government enters into a contract, there is no doubt, of its power to bind itself to any extent not prohibited by its constitution. A Corporation can make such contracts only as are allowed by the acts of incorporation. The power of this body to make
 
 *598
 
 a contract which should so operate as to-bind its legislative-capacities forever thereafter, and disable it from enacting a bj-law, which the Legislature enables it to enact, may well be questioned. We rather think that the Corporation cannot abridge its own legislative power.
 

 Decree affirmed.