WILLIAM MARKHAM, plaintiff in error, *vs*. THE MAYOR AND COUNCIL OF THE CITY OF ATLANTA, defendant in error.

Though the right of ingress and egress, in the proprietor of property fronting on a street, be impaired by the re-grading thereof, it is a loss in the nature of consequential damages, and the remedy, *if any*, is by action and not by injunction.

In Equity, in Fulton Superior Court.    Decision by Judge BULL, June, 1857.

This was a bill filed by William Markham, against the Mayor and Council of the City of Atlanta.

The bill states, that complainant purchased a lot in the city of Atlanta, on Whitehall street, in the year, 1851.

That in 1852, he erected on said lot, a large brick building at a cost of about $3500, and arranged the same for two store rooms opening and fronting on Whitehall street; the floor and doors being accommodated to said street at the elevation of the side-walk, as it then was; that before he built said house, he consulted one of the members of Council, being Chairman of the Committe on Streets, as to how said building should be made to fit said street, with reference to the floor and doors, and that said member gave to complainant his ideas on the subject, which were adopted in constructing said building; that said building is now worth $5000, and the stores rent for $800 per annum.

The bill further states, that the Mayor and Council of said city, are about to dig down said street, in front of complainant's building, and change the elevation and level of the same, so as to place or have said street, in front of said building, thirty inches below the door-sill and floor of one storeroom, and about eighteen inches below the sill and door of the other store ; that should said excavation and alteration in said street be made, said stores will be greatly injured and lessened in value, as business houses, to the amount of at least $800, and which cannot be prevented *at a cost less*

than about $500, if indeed it could be prevented at all, without pulling down said building and putting it up anew, at an expense greatly exceeding that of the original cost.

The bill prays that said Mayor and Council, be enjoined and restrained from making said alteration or any other of similar character, etc.

The Judge refused to sanction the bill and grant the injunction , and counsel for complainant excepts to said decision as erroneous.

OVERBY & BLECKLY, for plaintiff in error.

EZZARD & COLLIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are clear, that the Circuit Judge was right in refusing to grant the injunction prayed for in this case.

By the 5th section of the Act incorporating the city of Atlanta, approved the 29th day of December, 1847, it is provided, that "the Mayor and Council of said city shall have full power and authority to pass all by-laws and Ordinances respecting the streets of said city, to open and lay out the same, etc., and every other by-law, regulation or ordinance, that shall appear to them necessary and proper for the security, welfare and interest of said city or for preserving the peace, health, order and good government of the same."

On the 30th of May, 1856, the Mayor and Council passed the following ordinance : "Resolved, that the Committee on Streets, in conjunction with the city surveyor, be and they are hereby instructed to locate the grade of the side-walks on either side of Whitehall street, and the business portions of Alabama, Marietta, Decatur and Peach Tree streets, to make the same of the uniform width of ten feet, and notify the owners of lots to cause the same to be paved as soon as practicable, with smooth flag stones, similar to that in front of Messrs. J. & J. Lynch's and S. Frankford's stores, or with

Markham vs. Mayor and Council of Atlanta.

hard burnt brick, and if not done by the owners of lots, prior to the first of August next, the same to be done by the committee at the expense of the owners."

The Chancellor was called upon by Mr. Markham, to restrain the agents of the corporation from changing the grade of the side-walks of Whitehall street, for the reason that said change would render ingress and egress to and from his store more difficult, and thereby injure his business, by driving away customers.

He does not charge that the improvement is not necessary for the welfare of the city, or that said walk is capriciously and unskillfully made. We concede, and there can be no doubt upon this point, that the power of graduating and leveling streets and side-walks ought not to be capriciously exercised. Like all other power it is susceptible of abuse. But it is trusted to the inhabitants themselves, who elect the corporate body, and who may therefore, be expected to consult the interest of the town. I repeat, this is not the complaint. The ordinance itself is reasonable and valid, and is perhaps no more than a proper exercise of that general legislative power usually vested in municipalities for the good of the city, and the power granted over the streets by the charter, which includes the power of grading and re-grading the side-walks, is a continuing power in the corporation to be exercised whensoever and as often as the interest of the city makes it necessary, and so far from the direction or advice given by one of the councilmen constituting any thing like a binding contract in this case, we apprehend that the gradation or re-gradation of the streets by the corporation, cannot be considered in the nature of a compact with the proprietors of the property fronting thereon; that it shall always continue unchanged, and that any such agreement to fetter or clog the exercise of this power would be void. At most, it could only entitle the holder to compensation. But we do not understand that what took place in this case amounted to a compact, even if the corporation had the power to

make any pledge that the grade should always continue as it then was.

The identical question here made, was before the Circuit Court for the District of Columbia, in September, 1853, and the doctrines here stated, affirmed by that Court, in the case of *Smoot against the Corporation of Washington.* It will be found reported in the National Intelligencer of that date. This case, it seems was never prosecuted any further. In a recent case of precisely the same character, an appeal has been taken to the Supreme Court, which has not yet been argued. I believe a similar question is now pending before the Court of Claims. I have before me the brief of Messrs. Badger & Carlisle, of counsel for David Hines, claimant, and I gather from that, that the case made for relief against the government, is in substance this, that Hines' house had been built upon the established and recorded grades of Pennsylvania Avenue and 20th Street, in the city of Washington, and that said grades were altered, and those streets cut down at their intersection, by the United States, under the authority of an Act of Congress, whereby, in great part, the value of petitioner's property was taken away for public use. The petition also alleges that the work was negligently and unskillfully performed by the agent of the United States, whereby he was unnecessarily deprived, for a long space of time, of such benefit and enjoyment of said property as he would otherwise have had.

The great principle discussed in this case, is as to the liability of the United States to make compensation. Another case is this, a case of taking private property for public use, within the meaning of the constitutional provision in this behalf. The learned counsel relied on amendments to the constitution. *Art.* 5; *Van Horne's Lessee vs. Dorrance.* 2 *Dallas,* 304; *Ex. parte, Jennings,* 6 *Comm.* 518; *Canal Commissioners vs. People,* 5 *Wendell,* 423, 452; *People vs. Canal Commissioners,* 13 *Wendell, and Bloodgood vs. Mohawk*

28

*&* *Hudson Company,* 18 *Wendell,* 9, and cases to the like effect. No decision is yet reported.

In *Smoot vs. the Corporation of Washington,* to which I have referred, the Court held, that though the right of ingress and egress in the proprietor of property fronting on a street be *impaired* by the regrading, it must be considered a loss in the nature of consequential damages, and not within the principle of the provision contained in the constitution forbidding the taking of private property for public use without just compensation; that it was *damnum absque injuria,* for which no action lies, and in support of this opinion, *Goszler vs. the Corporation of Georgetown,* 6 *Wheaton,* 593; *Van Ness and Wife vs. the Mayor &c of Washington City and the United States,* 4 *Peters,* 232; a case in 12 *Missouri Reports,* ―――― *vs. the city of St. Louis;* some cases in *Denio N. Y. Reports,* and a case in *Dunford & East,* were cited.

We are not called on at present to adjudicate this point, and consequently waive it. We simply say, that if there be any redress, it is by action against the corporation and not by injunction, and there take leave of the case.

Judgment affirmed.