## MAYOR AND COUNCIL OF ROME *vs.* OMBERG.

The corporation of the City of Rome, in grading a street, dug so near the lot of the plaintiff, that the earth which supported it crumbled away and the fence fell. *Held,* That no action could be maintained against the Mayor and Council for this injury.

Case in Floyd superior court.    Tried before Judge HAMMOND, February Term, 1859.

This was an action on the case brought by defendant in error against plaintiff in error, for digging and cutting down the street adjoining his lot, whereby his fence, erected upon the line of said street, had been undermined and thrown down.   Damages laid at five hundred dollars.

The defendant pleaded the general issue and statute of limitations.

The plaintiff proved the cutting and excavation of the street by the City Council ; and that it would cost about one hundred and twenty-five dollars to build a stone wall sufficient to prevent the wasting and crumbling away of the bank, and to secure the fence from being undermined.

Plaintiff having closed, counsel for defendant moved to dismiss the suit, on the ground that the defendant, being a municipal corporation, was not liable in this form of action.

The motion to dismiss was overruled, and defendant excepted.

Defendant then proved that the Presbyterian Church commenced the excavation on this street in 1849 ; that they were notified by defendant to stop, which they did, but not until they had excavated one-third the length of plaintiff's lot.   This left the street in an impassable condition, and in 1851, the grading and excavation was continued, in order to render the street passable—worked at

this excavation again in 1854, but at this time did nothing more than was necessary to put that street in good order, as would have been done on any other street in like condition.

The court charged the jury, "that if the injury complained of had occurred within four years from the commencement of the action, and they should believe that it resulted from the act of the defendant, then the plaintiff was entitled to recover whatever damages he had proved; and in making up their verdict, they must calculate, not from the time the excavation was made, but from the period the injury occurred, in order to determine the question of the statute of limitations."

The jury found for the plaintiff one hundred and twenty-five dollars, and defendant excepted, and assigned for error :

1st. The decision of the court overruling defendant's motion to dismiss the case.

2nd. The charge aforesaid of the court.

3rd. That the verdict was contrary to law and the evidence, and the damages excessive.

T. W. ALEXANDER, for plaintiff in error.

UNDERWOOD & SMITH, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

The question involved in this case is one of great practical importance, and I confess my convictions are not so strong as I could wish them to be.

It is not denied that the Mayor and Council had authority to grade the streets of the city of Rome. There is no excess of authority charged. In the exercise of this acknowledged right, is the city which they represent to be assessed with damages for digging so near defendant's lot that the earth which supported, afterwards crumbled away and his fence fell ?

It cannot, we think, with any propriety be contended that this is taking private property for public use. They were simply using their own property for the purpose for which it was appropriated, by reason of which this consequential damage resulted to the plaintiff.

This question has been mooted both in England and in this country, and there are strong precedents in both against the claim here set up. (See 24 Geo. Rep. 402, and the authority there cited.)

In Governor & Co., Cast Plate Manufacturers, vs. Meredeth, (4 Durn. and East. 794,) a case, which in principle, is like the one now under consideration, it was said by Lord Kenyon—"If this action could be maintained, every turnpike act, paving act and navigation act, would give rise to an infinity of actions. If the Legislature think it necessary, as they do in many cases, they enable the commissioners to award satisfaction to individuals who happen to suffer. But if there be no such power the parties are without remedy, provided the commissioners do not exceed their jurisdiction. The interests of individuals must give way to the accommodation of the public." (See also Sutton against Clarke, 6 Taunton 29 ; Hall against Smith, 2 Brigham 156 ; Leader vs. Maxon, 3 Wilson 471 ; 2 Henry Blackstone's Rep. 924, S. C.)

The same principle was elaborately argued and carefully considered in Wilson vs. the Mayor, &c., of New York. (1 Denio's Rep. 595,) and the supreme court held, upon a review of all the cases, that the corporation of the city of New York was not liable to actions for injuries done to individuals, in the exercise of its authority to direct the *ditching, paving* and *grading* of the streets ; and that when the corporation, in grading two public streets, which formed an angle in which the plaintiff's premises were situated, raised those streets so as to prevent the water from flowing off, whereby damages ensued to the plaintiff, who brought case against the corporation, that

Mayor and Council of Rome vs. Omberg.

the action could not be sustained, (See 22 Wendell 653 ; Law of Easements, page 156, *note* 17, and page 181, King vs. Coms.)

It being conceded that these proceedings are regular; that what has been done, it was lawful to do ; the corporation not having transcended its authority, our conclusion is, that although the plaintiff has been injured, it is *damnum absque injuria.* People purchase property and build in towns with full knowledge of public necessity to level streets by excavating or elevating, as the case may demand ; and they must take the chances and consequences. No part of the plaintiff's land has been touched. Why should the corporation be required to furnish a prop from their street to keep up the plaintiff's enclosure ? Has he the right to take the public highway for that purpose ? Is it not more reasonable for him to furnish the stone wall than for the corporation to erect it ? They do not need it. He does. He has used his property with an eye single to his interest and convenience ; why should not the public be suffered to do the same with theirs ? Why did he erect his fence so near the street as to make this support necessary ? The public necessities compel the opening of streets of a certain width. But there is no such imperative necessity for the plaintiff's having his yard or garden a few feet wider. There is more of selfishness at the bottom of all these claims than appears at first blush.

Judgment reversed.