THE MAYOR AND COUNCIL OF THE CITY OF MACON, plaintiff in error, *vs.* BARNARD HILL, defendant in error.

1. A suit against a municipal corporation for damages, on account of removing the earth and gravel in the street fronting his lot for the purpose, not of grading the street, but of filling up other streets, may be maintained, and a demurrer to a declaration for such damage was properly overruled by the court.

2. All charges of the court in respect to the grading of the street, either as to its being left in an incomplete condition or otherwise, were outside of the issue made by such a declaration, and might have misled the jury, the sole issue, on the declaration, being whether the dirt and gravel were moved to grade the street, or to improve other streets without regard to the grading of the street whence the dirt was taken, and damage therefor.

3. If other causes of action, either in respect to the incomplete grading of the street or other matter in respect to the grading thereof existed, then they should have been declared upon and put in issue; otherwise, evidence in respect thereto and charges thereon, should have been excluded and omitted.

4. As a general rule, injury to the property of the owners of real estate fronting on streets in cities and towns, by reason of legitimate and reasonable grading thereof, is " *damnum absque injuria ;* " 23 *Ga.*, 402; 28 *Ga.*, 46; but whether under the amendment of the charter of the city of Macon, acts of 1863, page 188, that city is liable— *quære?*

Municipal Corporations. Streets. Charge of Court. Before Judge POTTLE. Bibb Superior Court. April Adjourned Term, 1876.

Reported in the opinion.

R. W. JEMISON, by G. W. GUSTIN, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

JACKSON, Judge.

This was a suit brought by the defendant in error against the city of Macon for damages arising from the digging down and removing dirt and gravel from the street in front of his house, not for the purpose of grading that street, but to fill up cavities in other streets of the city, and to improve them. The jury found for the plaintiff $600.00. The city excepted to a refusal by the court to grant a new trial, and brought the case here for our review.

1. The first point made is, that the court erred in overruling a demurrer to plaintiff's declaration. We rule that the court did not err in overruling the demurrer. The declaration alleged that the damage was done, not for the legitimate grading of the street, but to fill up and improve other streets. This allegation made a good cause of action, and, on proof thereof, the plaintiff was entitled to recover; therefore it was right to overrule the demurrer and retain the case for trial.

2. But, on the trial, the court charged, in respect to the improper grading of the street and its being left in an incomplete condition, and called the attention of the jury, as it seems to us, not to the true issue made by the pleadings, to-wit: whether the purpose and conduct of the city authorities was to grade the street, or, without regard to the grading of that street, to improve other portions of the city, and what damages the plaintiff had thereby sustained, but to other issues in respect to the general powers of the city to

grade its streets, and injuries to the property-holders from the lawful grading thereof, and the improper and incomplete grading thereof. No such issues were made by the pleadings; and we think that the true question has not been passed upon by the jury, and that the case has not been properly tried; reluctantly, therefore, we feel constrained to send it back.

3. 4. Whether or not on an additional count being added to the action as it is now declared upon, in respect to injury and damage from grading this street, a recovery could be had for damage to the owner's property, we do not now decide. If the work was done unskilfully and negligently, so as unnecessarily to damage the plaintiff, we think that he might recover for damage so done to his property; but if it was done lawfully and properly, no matter what damage accrued, it would be "*damnum absque injuria*," unless the amendment of the charter of Macon, in the acts of 1863, page 188, take that city without the general rule.

In *Markham vs. Atlanta*, 23 *Ga.*, 402, this court doubted that an action would lie, and ruled expressly that equity would not interfere by injunction; and in 28 *Ga.*, 46, the court held that no action did lie, and it has so repeatedly ruled since.

Such is the general rule, therefore, in regard to the power of municipal corporations over streets, and injury consequent upon their legitimate grading thereof, to owners of houses thereon; but the amendment of 1863, to the Macon charter, uses language which may take the city of Macon without the rule. Upon that we pass no judgment now, as the question is not legitimately made in this record. Undoubtedly, however, the corporate authorities, in any event, would be bound to exercise proper care and diligence in their work, and if damage result from negligent, unnecessary, and careless work, the corporation would be liable. The verdict in this case, upon the facts, may not be far from a righteous one; but we cannot say that the case was fairly tried upon the issue made; and the case is therefore re-

manded for a new trial, in accordance with the principles above indicated.

Judgment reversed.