THE NEWTON MANUFACTURING COMPANY *vs.* WHITE *et al.*

1. The refusal to strike an amendment to a declaration which did not alter the status of the case nor work the admission of any evidence which would not have been admissible under the original declaration, will not necessitate a new trial.

2. Where the facts do not warrant a charge upon the subject of the statute of limitations, it should not be given.

3. Where one buys cotton stored in certain houses, from a member of a firm, and in removing it by himself or agents, gets cotton belonging to the firm in another house, openly and under claim of right as a part of the trade, such a taking is not a felony for which the firm must prosecute before they can recover in a civil action therefor.

4. A new trial was properly refused.

Pleadings. Amendment. Charge of Court. Criminal law. Actions. New trial. Before Judge HILLYER. Newton Superior Court. March Term, 1879.

White *et al.* brought assumpsit against the Newton Manufacturing Company for $31,250.00, alleged to have become due on July 1, 1865, for 62,500 pounds of ginned cotton, "had and received from your petitioners" before that time, worth fifty cents per pound. The original declaration was filed in office on February 26, 1867. On March 19, 1873,

an amendment was filed. It alleged, in substance, that on September 1, 1865, and before that time, defendant was indebted to plaintiffs $31,000.00 for 62,500 pounds of lint cotton which defendant had taken and converted, and refused to pay for. The tort was waived, and this action brought. A trial was had and a new trial granted. (See 53 *Ga.*, 395). On the last trial, the evidence for the plaintiffs was, in brief, as follows : H. and T. M. White, the plaintiffs, were partners. Hugh White made a trade with W. R. Phillips, by which he exchanged with Phillips 62,500 pounds of cotton stored on what were known as the "Heard" and "Holcombe" places in Newton county, for a like amount stored at Ocmulgee Mills. The cotton at the first mentioned places belonged to the Whites as a firm, but, by an arrangement with T. M. White, a sufficient amount was turned over to Hugh to meet his obligation. The Whites also had cotton in a ware-house in Newton county. Phillips was the sole owner of the Newton factory. The ware-house of the Whites was nearer to the mill than the "Heard" and "Holcombe" places. It was fastened by planks nailed across the door; the floor was not all nailed, but consisted in part of puncheons on which the cotton rested. The trade between Hugh White and Phillips was in the latter part of 1864, and after it was made Phillips began to haul the cotton away. As late as the spring of 1865 there were 128 bales of cotton in the ware-house of the Whites; in 1866 they discovered that about forty bales were gone. They never agreed for Phillips to have any cotton from there except four bales, which they loaned him, and which was not returned; they made this loan because the cotton on the "Heard" and "Holcombe" places was then too wet to use. During the summer of 1865 the wagons of Phillips were seen at different times hauling cotton from the ware-house in the direction of the factory. It was in the day-time, and no effort at concealment was made. In the fall of 1876 the Whites demanded a full settlement concerning this cotton, and also some other cotton which the

.defendant had received, known as the "Perry cotton." Phillips claimed that it was due him under his trade with Hugh White.

There was other evidence as to value, etc., not material here.

The evidence for defendant was somewhat at variance with that for plaintiffs. The only points necessary to detail are as follows: Phillips claimed that after his trade with Hugh, the Whites asked him if he would receive the cotton on the "Heard" and "Holcombe" places, to which he replied that he would receive it anywhere they would deliver it; that he always sent to the Whites after the cotton, and did not know personally where it came from, but none came from the ware-house that he knew of; that the "Perry cotton" was stored several miles away, and he was informed that the Whites preferred his getting cotton from that place; that such cotton was required to make up the amount due him, and in all only slightly overpaid him. He denied owing plaintiffs for any cotton loaned.

The jury found for the plaintiffs $5,043.60, principal, and $4,100.30 interest. Defendant moved for a new trial on the following, among other grounds:

1. Because the court refused, on motion of counsel for defendant, to strike out the amendment to plaintiffs' declaration purporting to have been filed in the office of the then clerk of said court, on the 19th day of March, 1873, and withdrawn by plaintiffs' counsel. Without any notice to counsel for defendant, or to defendant himself, this amendment was read at the trial of said case at the March term, 1877, as part of the pleading in said case. It having been read at the last trial without objection at the time of reading, before any testimony was submitted counsel for defendant moved to strike it out, first, because defendant had no notice of any intention on the part of the plaintiff to renew the said amendment; and secondly, because the said amendment introduced a new cause of action.

[This ground was amended by alleging that the amend-

ment had been withdrawn in open court; and that defendant's counsel supposed it was entirely abandoned until it was read on the last trial. The presiding judge qualified this ground by stating that the amendment was never actually withdrawn from file, but remained a part of the record all the time, although part of the time it was treated as withdrawn, and was not relied on.]

2. Because the court erred in failing and refusing to charge the jury at all as to the statute of limitations, although requested so to do by counsel for defendant. [The record contains no plea of the statute of limitations].

3. Because, under the pleadings, especially the amendment of plaintiffs' declaration, and the testimony submitted to the court and jury, the taking and carrying away of the cotton from the river ware-house was a felony under the statutes of this state, and plaintiffs cannot recover in a civil action for the injury, unless they simultaneously, or concurrently, or previously prosecuted for the same, which plaintiffs have not shown that they have done, nor have they alleged a good excuse for the failure so to prosecute, and the court erred in failing so to instruct the jury, and instructing them instead thereof, that if they believed from the evidence that the cotton was taken from the river warehouse of the plaintiffs without their knowledge or consent, by the defendant, or his agent with his knowledge, then they would be authorized to find for plaintiffs the value of the cotton at the time of the demand, and interest thereon.

4. Because the verdict is contrary to law and the evidence.

The court overruled the motion on terms which were accepted by plaintiffs. Defendant excepted.

J. J. FLOYD; E. N. BROYLES; MYNATT & HOWELL, for plaintiff in error.

CLARK & PACE, for defendants.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendant to recover the value of 62,500 pounds of lint cotton, alleged to be worth $31,250.00. On the trial of the case the jury found a verdict in favor of the plaintiffs for the sum of $5043.60, principal, and $4,100.30 interest. A motion was made for a new trial on the grounds therein stated, which was overruled on condition that the plaintiffs would write off from the verdict the sum of $840.60 for principal, and the sum of $686.65 for interest, which the plaintiffs consented to do. Whereupon the defendant excepted.

1. According to the ruling of this court in this same case, in 53 *Ga.*, 395, the plaintiffs were entitled to recover on the original declaration as well without the amendment complained of as with it, and therefore the defendant was not injured by the refusal of the court to strike it from the record, inasmuch as the plaintiffs' evidence was admissible under the ruling of the court in that case, without the amendment, and the defendant could have pleaded the statute of limitations if the same had been applicable.

2. There was no error in the refusal of the court to charge the jury in regard to the statute of limitations in view of the evidence; besides, there is no plea of the statute in the record before us.

3. The evidence in the record of the taking of the cotton by the defendant's agents in the daytime, and hauling it off under color of a claim of right, does not constitute a felony for which they should be prosecuted before the plaintiffs could maintain their civil action, and there was no error in the failure of the court so to charge the jury, and in charging them as it did, although the taking of the cotton may have been a trespass.

4. There was no direct evidence that the cotton was delivered to the defendant's factory; but there is evidence that Phillips was the sole owner of the Newton factory, and that his wagons and teams driven by his agents and

employees were seen hauling the cotton in the direction of the factory, and that the daily consumption of cotton in the factory was one and one-half bales, and more than that when the factory was running day and night. The object of all legal investigation is the discovery of truth. Direct evidence is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. Code, §§3747, 3748. In view of the evidence contained in the record, and the ruling of this court between the same parties in 53 *Ga.*, we affirm the judgment of the court below.

Judgment affirmed.