PRINTUP *vs.* ALEXANDER & WRIGHT.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

Fraud which w.ll relieve the bar of the statute of limitations must be such as debars or deters the plaintiff from his action. That a plaintiff fails to sue on account of a mere uncertain and indefinite understanding, based on no consideration, that the debt might be admitted as a set-off on a certain judgment, if it should be recovered, would not be such fraud as would relieve the bar of the statute.

December 5, 1882.

Statute of Limitations. Fraud. Before Judge UN-DERWOOD. Floyd Superior Court. March Adjourned Term, 1882.

Alexander & Wright brought suit in a justice's court against Printup on an open account, dated July 1, 1873 for a balance of $91.00. The suit was brought January 17, 1882, and was carried to the superior court by appeal. Defendant pleaded the statute of limitations. Plaintiffs sought to relieve the bar by showing the following facts: They were employed by Printup, in 1869 or 1870 to represent him in certain litigation which terminated at the

fall term, 1872, or the spring term, 1873, of court. A balance of $91.00 remains due on the fee. Pending this litigation, Alexander & Wright made a collection for the estate of one Smith, out of which Printup and his partner, Fouche, claimed a fee of $200.00. Under instructions from their client, Alexander & Wright declined to pay this fee. Printup & Fouche brought a rule against them, and subsequently recovered, and the amount was paid over in full. Alexander, one of the plaintiffs, after stating the foregoing facts, testified as follows:

"At the time of the bringing of the rule by Printup & Fouche against our firm, there remained unpaid of our fee from Printup, $91.00. This balance was the subject of a conversation soon after the rule was served on us, and we understood from Mr. Fouche, with whom the conversation was had, that this balance would be allowed us in a settlement of the rule case, in the event a judgment went against us; and we understood him to speak by the authority of Col. Printup, and were satisfied to let this balance remain to be settled when the rule was finally disposed of; and this was the reason we never sued the claim for this balance until lately, when Col. Printup refused to allow us a credit upon the judgment against us in favor of Printup & Fouche."

Fouche, partner of Printup, testified that with Printup's consent, he did, at one time, offer to allow the claim of Alexander & Wright to go as a credit on the claim of Printup & Fouche, provided Alexander & Wright would pay it, but they would not do so, and litigated the claim for about nine years.

The jury found for the plaintiffs. Defendant moved for a new trial, which was refused, and he excepted. For the other facts, see the decision.

JOHN B. F. LUMPKIN; R. T. FOUCHE, for plaintiff in error.

ALEXANDER & WRIGHT ; C. N. FEATHERSTON, for defendants.

SPEER, Justice.

This was a suit brought, on the 19th of January, 1882. by the defendants in error, against the plaintiff for a balance claimed to be due on an account dated in July, 1873. To this suit plaintiff in error filed a plea of the statute of limitations.

On a trial had upon the appeal in the superior court, under the evidence and charge of the court, a verdict was returned for the plaintiffs for the amount claimed.   The defendant made a motion for a new trial on various grounds set forth, which was overruled, and defendants excepted.

(1.) (2.) The first and second grounds were, that the verdict was contrary to evidence and the weight of evidence, and contrary to law.

(3.) Because the court erred in charging the jury as follows: "Actual or legal fraud is a good reply to the statute of limitations, and if the plaintiffs failed to sue in consequence of the conduct of the defendant, if it amounts to actual or legal fraud, then the plaintiffs would not be barred."

This action was commenced to recover a balance due on this account over eight years after the same became due and payable by the record.   The statute requires all actions upon open accounts, or for the breach of any contracts not under the hand of the party sought to be charged, or upon an implied assumpsit or undertaking, shall be brought within four years after the right of action accrues. Code, 2918.

The rigor of this rule is, however, softened and relieved by certain exceptions, by one of which the plaintiffs below sought to relieve himself of the bar,—that the statute enacted, "If the defendant or those under whom he claims

has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall only run from the time of the discovery of the fraud." Code, 2931.

It will be noted that the court changed "that actual or legal fraud is a good reply to the statute of limitations, and if the plaintiffs failed to sue in consequence of the conduct of the defendant, if it amounts to actual or legal fraud, then the plaintiffs would not be barred."

The fraud which will relieve the bar, whether actual or legal, must be of that character which debars or deters the plaintiff from his action. A mere failure to sue by reason of the fraud will not avail, for when one promises verbally to pay by a certain time, if suit is not brought, and the plaintiff acquiesces and fails to sue and the bar attaches, will it be insisted that the promise unperformed would be such a fraud as would relieve the bar? We think not. Such conduct would be a fraud, and yet the statute declares a new promise to bind must be in writing, or else it is void. The statute of limitations is a favorite of the law; its wisdom and good policy have long been recognized, and the exceptions that save its operation must receive a strict construction, for they are exceptions to the avowed policy of the law.

We cannot endorse the language of this charge under the strict letter of the law. The fraud of which the defendant is guilty must be one by which the plaintiff was debarred or deterred from suing. "To debar," says Webster, "is to cut off from entrance, to preclude, to hinder from approach, entry or enjoyment, to shut out or exclude." To deter, by the same authority, is to discourage or stop by fear, to stop or prevent from acting or proceeding by danger, difficulty, or other consideration which disheartens or countervails the motive for an act.

Take the testimony submitted, and we see no such conduct as either debarred or deterred plaintiff from suing. It is true he may have relied upon a supposed promise to ad-

mit this debt as a set off to the judgment, if recovered, but there is no evidence of any definite agreement to that effect between plaintiff in error here and defendants, and even if it were, would that have precluded plaintiff from suing if he had seen fit to do so? We think not. It was a mere uncertain and indefinite understanding upon no consideration and not binding in law. If a mere naked understanding on the part of one, and a breach of it suspends the statute, then the limitation act would be a mere nullity, and the peace and repose which it promises never would be realized. If the fraud alleged cuts plaintiff off from suing, precludes him, or hinders him, shuts him out or excludes him, then it debars, and the statute is suspended, but a mere promise by parol, and a failure to keep it, and without consideration, in our opinion, is not such a debarring as is intended, and does not save the bar from attaching.

The question presented here, under the facts, is one purely of law; with the merits of this controversy beyond the legal question involved, we do not propose to deal. The matters at issue are between gentlemen of the profession of high personal and professional standing, and we are called upon merely to settle the law under the facts in evidence, and feeling assured that the court below erred in his charge to the jury, upon the facts as they appear in the record, it is our duty to reverse its judgment and order a new trial. 4 *Ga.*, 308; 60 *Ga.*, 449; 12 *Ga.*, 371; 63 *Ga.*, 697; 58 *Ga.*, 595; 64 *Ga.*, 57; 65 *Ga.*, 593, 638.

Judgment reversed.