C. W. BARNES *et al.* V. THE CITY OF PARSONS *et al.*

No. 15,390.   (94 Pac. 151.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Paving Streets—Special Tax—Injunction.* The power given to cities of the second class to grade streets, avenues and alleys and pay therefor by a general tax on all taxable property within the city, and the power to construct paving, curbing and guttering by resolution, as provided in section 1016 of the General Statutes of 1901, are separate and independent of each other, and a special assessment levied against abutting property owners to pay for paving, curbing and guttering constructed in pursuance of such a resolution will not be enjoined on account of any irregularity in the action of the city council in making the grade upon which such paving, curbing and guttering rests, such irregularity · not affecting the amount of such special assessment.

2. ——— *Power to Modify Prior Action.* Where a city council acquires jurisdiction to pave, curb and gutter a street by resolution passed and published, as provided by section 1016 of the General Statutes of 1901, it has the power to take all · the necessary steps to construct such pavement properly, and may amend or modify its action therein without losing the jurisdiction so acquired.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed February 8, 1908. Affirmed.

*C. E. Pile,* and *W. A. Disch,* for plaintiffs in error; *E. L. Burton,* of counsel.

*Mark Gillin,* and *W. D. Atkinson,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced by property owners in the city of Parsons to restrain the collection of a special-improvement tax levied upon abutting property to pay for pavement made on Corning avenue in that city. The city demurred generally to the peti-

tion, and the demurrer was sustained. This ruling of the district court is the only assignment of error.

The petition, on account of its length, cannot be shown in full here, but enough will be given to indicate the contested propositions. After the formal and introductory averments, paragraph 4 reads:

"That on or about the 8th day of May, 1905, the city council of the defendant city passed a resolution declaring the expediency and necessity of paving, curbing and guttering Corning avenue, in said city, from the east line of blocks 51 and 58 to the east line of Twenty-sixth street in said city, which ordinance was approved on the 10th day of May, 1905, and published in the Parsons *Daily Sun*, May 11, 1905; that on the 22d day of May, 1905, another and a similar resolution was passed by the council of said defendant city, and was duly approved on May 22, 1905, and published in the Parsons *Daily Sun*, May 25, 1905."

On July 24, 1905, the grade of Corning avenue was by ordinance duly established. This ordinance was first published July 26, 1905. An ordinance providing for the construction of the paving, curbing and guttering was also passed, July 24, 1905, and on August 4 a notice inviting bids therefor was published. On August 14, 1905, the city engineer filed in the office of the city clerk an estimate of the cost of such paving, curbing and guttering. On August 22, 1905, bids were opened and a contract let for the construction of the paving, curbing and guttering.

On October 9, 1905, the grade of the street was changed, and its height increased to an extent varying from six inches to three feet. The pavement provided for extended from Twentieth to Twenty-sixth streets, on Corning avenue. The grade was not changed at either of these points, but was raised between them so as to make the avenue more nearly level.

On November 2, 1905, the cost of the pavement was by ordinance levied against the abutting property. It is insisted that this tax and ordinance are void. Several reasons are given for this contention, all of which

rest upon the claim that the change made in the grade was sufficient to nullify all the prior proceedings taken by the city and prevent further action until the preliminary steps required by law are again taken.

In considering this question it will be well to bear in mind the statutes concerning the construction of special improvements of this kind. Section 1 of chapter 116, Laws of 1905, confers power upon cities of the second class to pave, curb and gutter streets, avenues and alleys, and assess the cost thereof against the abutting property. This section also provides that the cost of bringing such streets, avenues and alleys to grade shall be taxed against all the taxable property in the city.

By section 1016 of the General Statutes of 1901 the exercise of the power so conferred can only be initiated by the people who will be required to pay for the improvement. If three-fourths of the resident owners of property fronting on a street petition for such special improvements the petition will confer jurisdiction upon the council to do the work and make the necessary assessment to cover its cost. In the absence of such a petition the council may, by resolution duly passed and published for four weeks, declare such work to be necessary, and, if a majority of the resident owners of property liable to be taxed therefor do not within twenty days after the last publication of such notice file a protest against the proposed improvement with the city clerk, it will be assumed that the property owners desire the work to be done, and the council becomes invested with jurisdiction to make the proposed improvement and assess the cost thereof against the abutting property. Until one or the other of these steps is taken the power given by the statute cannot be exercised, but either step, when completed, gives the council jurisdiction to proceed with the work and carry it to completion. In this case the council acquired jurisdiction by the latter method. The petition shows that a resolution was duly passed and published,

and that no protest was filed within twenty days after the last publication. The council then proceeded to establish the grade of the avenue upon which the paving should be placed.

Every property owner who might have protested knew that it would be the duty of the council to establish the grade for the pavement and that the performance of this duty involved the exercise of discretion and judgment. This was one of the steps necessary to be taken in making the improvement mentioned in the resolution. If the first attempt to establish a proper grade was unsuccessful it became the duty of the council to correct the mistake. This question was considered by this court in the case of *Methodist Episcopal Church v. City of Wyandotte,* 31 Kan. 721, 3 Pac. 527. Mr. Chief Justice Horton, speaking for the court, said:

"This power 'to open and improve streets' includes the power to alter the grade or change the level of the land on which the streets are laid out. If the city has once fixed a grade, which it afterward finds improper or insufficient, it has not exhausted its power, and therefore has the authority to change the grade to improve the streets. 'As the duty is a continuing one, so is the power necessary to perform it.' (*Smith v. The Corporation of Washington,* 20 How. 135, 15 L. Ed. 858; *Gozzler v. Georgetown,* 6 Wheat. 593, 5 L. Ed. 339.)

"There is the same reason and the same justification for changing a grade once established, when the public convenience is found to require it, that there is for fixing it in the first place. Therefore the power to open and improve streets, which includes the power to grade them, may be exercised from time to time as the wants of the city may require. Of the necessity or expediency of this exercise the mayor and council of the city, and not the courts, are judges." (Page 724.)

This is the law now, and applies to this case. (*Salt Co. v. Hutchinson,* 72 Kan. 99, 82 Pac. 721.)

Plaintiffs in error have called attention to the case of the *City of Argentine v. Daggett,* 53 Kan. 491, 37 Pac. 14. That case, however, is entirely different from

this, and the decision rests upon considerations which do not exist here. There the abutting property owners presented a petition to the council asking that certain grading be done, the cost of which would be taxed to their property. The grade line had already been es-tablished by ordinance, which line the petitioners evidently had in mind when they asked to have the street brought to grade. The council took the preliminary steps to grade to that line, but afterward changed it so as to increase materially the cost to the petitioners. By this action of the council the petitioners were charged with a burden which they had no reason to anticipate when they petitioned for the improvement. The court held the levy for such tax invalid. The property owners understood from the official action of the council that the grade was already fixed, and the amount of work petitioned for was therefore a reasonably definite quantity.

But in this case there was no petition. The council proceeded by resolution. Property owners were duly notified that the council intended to pave, curb and gutter the avenue. No grade had then been established. The grade, whether as first designed or as subsequently fixed, did not affect the cost of the improvement mentioned in the resolution. As general taxpayers of the city the abutting property owners might be interested in the increased cost of the grade work of which they complain; as abutting property owners they might be interested in the increased height of the grade, because of its injurious effect upon the adjoining lots; but neither of these considerations enters into the special assessment which they seek to enjoin in this action.

If the council, by increasing the grade, acted without jurisdiction, these plaintiffs knew of it at the time and should then have taken steps to prevent the wrong, instead of remaining silent while the special improvement, which they knew would be a charge against their property, was being constructed. This special tax was

levied to pay for just what the council, by its resolution, acquired jurisdiction to do. The petition shows that all the preliminary steps required by law in such cases were taken by the council. The only action of which complaint is made relates to an entirely different improvement, and does not affect this tax.

The demurrer was properly sustained. The judgment is affirmed.