## OSBORNE et al. v. THE DISTRICT OF COLUMBIA.
### No. 5898.

United States Court of Appeals for the District of Columbia.

Decided May 28, 1934.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for appellants.

William W. Bride, Vernon E. West, Robert E. Lynch, and Edward W. Thomas, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The plaintiffs below appeal from a judgment at law in the Supreme Court of the District of Columbia entered upon a demurrer to their declaration. As joint tenants they owned and occupied a dwelling house on the southeast corner of Eighth and Monroe Streets N. E., in the city of Washington.

About the 1st of March, 1931, the District of Columbia, pursuant to an act of Congress (46 Stat. 949, 962), replaced and reconstructed an existing bridge at that point in the line of Monroe street over the tracks of the Baltimore & Ohio Railroad.

The declaration charges that in so doing the defendant raised the roadway to said bridge and the approaches thereto unreasonably and unnecessarily, thereby depriving the plaintiffs of their view from certain windows and of considerable light and air.

Furthermore, that on the said approaches on the Eighth street side of said property, or rather on the roadway or property of the District of Columbia to the west of plaintiff, the defendant did so raise the grade as to produce a sloping bank of loose earth, from which, in time of rain or snow, large quantities of dirt, soil, and gravel washed down upon the plaintiff's lot, all of which was alleged to constitute a nuisance, for which damages were claimed.

The defendant's demurrer denied the cause of action on the three grounds: That the District of Columbia is not liable in damages for changing the grade of a highway; that the District is not liable for consequen-

tial damages in the performance of a mandate of Congress; and that construction of the bridge was a governmental function, which, however performed, did not render the District liable to adjacent property owners.

The demurrer was sustained, judgment was entered for defendant, and from that judgment we have this appeal.

■■ While this court has decided that the District of Columbia, like any other property owner, is liable to an adjacent owner for maintenance of a nuisance, Roth v. District of Columbia, 16 App. D. C. 323, the declaration before us does not allege facts which, if true, constitute a nuisance.

Though called a nuisance by the pleader, the facts set forth only a change of grade in a highway, with certain incidental inconvenience and damage to the plaintiffs, not unusual in such cases.

The right of the District of Columbia, and its predecessors in the government of the city of Washington, to grade and regrade its streets without liability for consequential damages, is established. Goszler v. Georgetown, 6 Wheat. 593, 5 L. Ed. 339; Smith, to Use of Cushing v. Corporation of Washington, 20 How. 135, 148, 15 L. Ed. 858; Sauer v. New York, 206 U. S. 544, 27 S. Ct. 686, 51 L. Ed. 1176; District of Columbia v. Atchison, 31 App. D. C. 260; Hutcherson v. District of Columbia, 39 App. D. C. 514.

In Smith v. Corporation of Washington, supra, the Supreme Court said that changing the grade of a street is neither a trespass upon adjacent property nor the erection of a nuisance injurious thereto, and that "the law on this subject is well settled, both in England and this country. The cases are too numerous for quotation; a reference to one or two more immediately applicable to the questions arising in this case will be sufficient." So in Callender v. Marsh, 1 Pick. (Mass.) 418, a street was so dug out as to lay bare the foundation of plaintiff's house and endanger its fall; in Green v. Borough of Reading, 9 Watts (Pa.) 382, 36 Am. Dec. 127, the street in front of plaintiff's house was raised five feet; in O'Connor v. Mayor, etc., of City of Pittsburgh, 18 Pa. 187, a street was lowered seventeen feet, necessitating the rebuilding of a church thereon.

In these cases, as in many others, the unquestioned inconvenience and expense brought to the plaintiffs by the public improvement was held to be damnum absque injuria. And it is not important that the declaration before us, unlike many others in similar cases, alleges the maintenance of a nuisance.

To call a regraded highway a nuisance cannot avail a plaintiff where his allegation of specific fact, if all true and all proven, would only bring his case within the settled rule against him.

The judgment of the trial court is affirmed.

Affirmed.