May Term,
1858.
_____

The Indiana
Central
Railway Co.
v.
Boden.

*A. Ellison,* for the appellant.

(1) See *Thompson* v. *Shaefer,* 9 Ind. R. 500.

---

The Indiana Central Railway Company *v.* Boden.

It is only where this company has taken possession of or appropriated property in the construction of her work, that they may be sued for damages in the mode prescribed by § 3 of the act of *January* 13, 1849, amendatory of the act of incorporation.

But a railroad company is liable for an injury resulting from the construction of their work, as at common law, where no remedy is given by the charter.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This suit was commenced before a justice of the peace, under the act incorporating the railway company. The complaint alleges that *Boden*, who was the plaintiff, is the owner of lots 9, 10, 11, 12 and 13, in block 14 in *Cambridge City;* that the company had seized upon the lots, rendered them useless to the owner, and appropriated them to her own use. It is averred that the plaintiff is greatly injured; that he has sustained damage to the amount of 1,500 dollars; and, therefore, he makes complaint, &c. Pursuant to the act, the parties selected arbitrators, who returned an award, upon which the justice rendered judgment. The company appealed.

In the Circuit Court, the jury, to whom the cause was submitted, found specially as follows: That the company located and constructed her railway on and upon a certain street in *Cambridge City*, upon which street the plaintiff's lots bound and front, and has erected an embankment immediately in front of said lots, so high above the former level of the street as to cause the water and dirt to run and slide down from the embankment to and upon the lots, thereby hindering egress and regress from them to and along the street. And further, the jury found generally for the plaintiff, and assessed his damages at 125 dollars. The defendant moved for a new trial and in arrest; but her motions were overruled, and judgment rendered, &c.

Section 3 of the act of incorporation to which we have referred, provides, *inter alia*, that, in all cases where the owner of lands, stone, wood or other materials, necessary for the use and construction of said road, shall refuse to relinquish the same, or accept a fair compensation therefor, it shall be lawful for the corporation, by their agent, &c., to enter upon, take possession of, and use the same, avoiding, in all cases, unnecessary damage to the owner; and where such owner may feel aggrieved or injured in consequence of such use of his land, &c., he shall make written complaint before the nearest justice of the peace, setting forth the nature and locality of the injury, &c., whereupon, such justice shall require the president of the company to

May Term, 1858.

THE INDIANA CENTRAL RAILWAY CO. v. BODEN.

Monday, May 24.

May Term,   appoint one disinterested appraiser, and the complainant
1858.     another, which appraisers, so appointed, shall, upon com-
THE INDIANA putation of the damages, make up their award, and report
CENTRAL
RAILWAY CO. the same to the justice, &c.   Local Acts 1849, p. 92.
v.
BODEN.          Does the remedy thus prescribed embrace the case made
by the record?   This is the only question before us.

The special verdict does not allow the conclusion that
the lots described in the complaint, or any part of them,
were seized and appropriated to the use of the company,
nor does it appear that they were entered upon and used,
within the meaning of the statute.   The embankment in
front of the plantiff's lots is evidently an obstruction to his
easement in the street; but for such injury the statute con-
templates no remedy.   It is only where the company has
taken possession of and appropriated property in the con-
struction of her work, that its owner is allowed to sue for
damages in the mode prescribed by the act of incorpora-
tion.

Still, the plaintiff is not without remedy; because it has
been often decided that a railroad company, for an injury
which necessarily results to private property from the con-
struction of her work—there being no remedy given by her
charter—is liable as at common law.   *Tate* v. *The Ohio
and Mississippi Railroad Co.*, 7 Ind. R. 479.—*Hutton* v. *The
Indiana Central Railway Co.*, id. 522.— *The Evansville, &c.,
Railroad Co.* v. *Dick*, 9 Ind. R. 433 (1).

The plaintiff, having improperly instituted his suit under
the act incorporating the company, and the damages claim-
ed being an amount to which a justice's jurisdiction does
not extend, the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs.

*C. H. Test, J. S. Newman* and *J. P. Siddall*, for the ap-
pellants.

(1) See the argument of counsel in this last case, 9 Ind. R. 437, *et seq.*