May Term,
1860.

The New
Albany, &c.,
Railro'd Co.
v.
Peterson.

The New Albany and Salem Railroad Company *v.*
Peterson.

If the owner of land make an excavation within his own premises, and there-
by drain the well or subterranean spring of another, it is *damnum absque
injuria,* and no action will lie.

Monday,
May 28.

APPEAL from the *Tippecanoe* Circuit Court.

Worden, J.— Complaint by the appellee against the
company for an injury to a lot belonging to the plaintiff,
causing a well thereon to be drained by the construction
of the defendants' road. Judgment for the plaintiff for
50 dollars.

The cause was submitted to the Court on the following
agreed statement of facts: "It is agreed that the plaintiff
is the owner in fee of the lot described, &c.; that the de-
fendants, in the construction of their road under their
charter, caused the said well mentioned in the complaint
to be drained, dried up, and the water diverted therefrom,
by means of which the plaintiff was damaged to the
amount of 50 dollars. It is admitted that the railroad
passes near to, but does not touch the real estate afore-
said, nor is any part thereof appropriated for the use of
said railroad. It is further agreed that said damage was
caused by the construction of said railroad, by the defend-
ants, in the usual and proper manner of construction of
such roads, and before the commencement or pendency of
this suit, doing no unnecessary damage: the draining be-
ing caused by cutting off the underground springs or foun-
tain which supplied the well, in excavating for the road-
bed of their railroad. It is agreed that if the law is with
the plaintiff, on the above agreed state of facts, then judg-
ment is to be rendered for the plaintiff for said sum of 50
dollars and costs; but if the law is for the defendants,
then judgment shall be rendered for the defendants."

The question presented by the above facts agreed upon,
is somewhat novel, important, and interesting. The rights
of the owners of the soil to superficial streams of water

May Term,
1860.

THE NEW
ALBANY, &c.,
RAILRO'D Co.
v.
PETERSON.

running thereon, are, by our law, pretty definitely known and understood.   The elementary books abound in discussions on the subject, and the reports contain numerous adjudications upon it.   But the same is not the case in reference to underground watercourses, and the rights of the parties in reference thereto.   The reports are meager of decisions in respect to subterranean streams, and the elementary writers throw but little light on the subject.

But in *Acton* v. *Blundell*, 12 M. and W. 324, the subject underwent a full examination.   The action was brought by the plaintiff to recover damages for a disturbance of his right to the water of certain underground springs, streams, and watercourses, with a count for draining off the water of a certain spring or well.   The defendants had cut off and diminished the supply of water in the well, by sinking a coal-pit on lands belonging to one of themselves.   It was held that the plaintiff could not recover.

TINDALL, C. J., in delivering the opinion of the Court, after stating the case, says:   "The question argued before us, has been, in substance, this: whether the right to the enjoyment of an underground spring, or of a well supplied by such underground spring, is governed by the same rule of law, as that which applies to, and regulates, a watercourse flowing on the surface."   After stating the law in reference to streams running upon the surface of the earth, he proceeds: "And if the right to the enjoyment of underground springs, or to a well supplied thereby, is to be governed by the same law, then, undoubtedly, the defendants could not justify the sinking of the coal-pits, and the directions of the learned judge would be wrong.   But we think, on considering the grounds and origin of the law which is held to govern running streams, the consequences which would result if the same law is made applicable to springs beneath the surface, and, lastly, the authorities to be found in the books, so far as any inference can be drawn from them bearing on the point now under discussion, that there is a marked and substantial difference between the

May Term,
1860.

THE NEW
ALBANY, &C.,
RAILRO'D Co.
v.
PETERSON.

two cases, and that they are not to be governed by the same rule of law."

The Court, after having discussed at length the reason and policy of the law, and having examined the civil as well as the common-law authorities, conclude their opinion as follows: "It is scarcely necessary to say that we intimate no opinion whatever as to what might be the rule of law, if there had been an uninterrupted use of the right for more than the last twenty years; but, confining ourselves strictly to the facts stated in the bill of exceptions, we think the present case, for the reasons above given, is not to be governed by the law which applies to rivers and flowing streams, but it rather falls within that principle which gives to the owner of the soil all that lies beneath his surface; that the land immediately below is his property, whether it is solid rock, or porous ground, or venous earth, or part soil part water; that the person who owns the surface may dig therein, and apply all that is there found to his own purpose, at his free will and pleasure; and that if, in the exercise of such right, he intercepts or drains off the water collected from underground springs in his neighbor's well, this inconvenience to his neighbor falls within the description of *damnum absque injuria*, which cannot become the ground of an action."

The case of *Chatfield* v. *Wilson*, reported in 5 Am. Law Reg., No. 9, decided by the Supreme Court of *Vermont*, fully recognizes the doctrine of the above case; and the cases of *Routh* v. *Driscall*, 20 Conn. R. 533, and *Greenleaf* v. *Francis*, 18 Pick. 117, are cited as being substantially to the same effect.

The case at bar and the one above cited from M. and W. seem to be precisely alike in principle.

The railroad company, for the purpose of constructing their road, had the same right to excavate, within the limits of their right of way, that a private individual would have to dig upon his land for any purpose; and we know of no statute or principle which would hold them liable for an injury, such as that complained of, beyond the liability of a natural person for a like injury.

On the above authority, we are of opinion that upon the facts agreed upon, the appellee is not entitled to recover, and that the judgment below must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*R. C. Gregory*, for the appellee.