THE CITY OF LAFAYETTE, ASHER and DORSEY *v.* SPEN-
CER and Another.

*Snyder v. The President, &c., of Rockport*, 6 Ind. R. 237, affirmed.

Sections 59 and 60 of the general act for the incorporation of cities, Acts of
1857, p. 61, do not entitle the owners of property that will be injured by
street improvements to have compensation for such injury assessed and ten-
dered before the contemplated improvements proceed.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—The appellees aver that they are severally
the owners of lots fronting on *Ferry* street, in *Lafayette;*
that the appellants are proceeding to alter said street along
and in front of said lots, and to construct sidewalks, &c.,
and declare their intention, in so doing, to excavate the
earth in said street, in front of said lots, to the depth of
from one to six feet; that the work is already commenced,
and will greatly damage said plaintiffs, by causing the
earth and fences of plaintiffs adjoining said street to fall
into the said street, and by rendering said lots less easy of
access, and leaving their surface so high above the said
street that to construct buildings on a line therewith great
expense will have to be incurred in cutting the same down,
and damage result from cutting shade-trees and shrubbery;
that to maintain the same from falling into the street,
much expense will have to be incurred in erecting walls,
&c.; that there has been no assessment of damages, nor
compensation made or tendered, &c. There was a prayer
for an injunction.

Answers, &c., were filed, which fairly presented the ques-
tion whether the city, under the general law for the incor-
poration of cities, of *March* 9, 1857, can so excavate or
raise a street, as to seriously damage the owners of lots
adjacent, by decreasing the value thereof, without being
liable to such compensation.

The Circuit Court granted an injunction.

The appellants insist that whilst acting within the pow-
ers conferred upon them by the statute, and there being no
abuse of that power charged against them, they are not

May Term,
1860.

liable for consequential damages resulting from such acts. We are referred to *Snyder* v. *The President, &c., of Rockport*, 6 Ind. R. 237, and authorities upon which that case rests.

The appellees contend that the statute (Acts of 1857, p. 61, §§ 59, 60) enlarges their rights over those possessed under the law which obtained at the time the decision in 6 Ind. was made; but if not, we are then asked to review that decision, on the ground that it is in conflict with art. 1, § 21, of the constitution.

We do not believe that the statute referred to is such as to require the appellants, in the case at bar, as presented by the record, to cause to be assessed and tendered a compensation before they proceeded in the contemplated improvement. The case referred to in 6 Ind. appears to be decisive of this. We are not convinced that the decision in that case is not founded on reason and authority.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. A. Huff, R. Jones,* and *G. Gardner,* for the appellants.
*R. C.* and *J. Gregory,* for the appellees.