*Theo. Gazlay* and *L. Bingham*, for the appellant.

*H. C. Newcomb* and *J. Tarkington*, for the appellee.

May Term<br>1861.<br><br>WABASH AND<br>ERIE CANAL<br>v.<br>SPEARS.

--------

## THE TRUSTEES OF THE WABASH AND ERIE CANAL *v.* SPEARS and Another.

Suit against the trustees of the *Wabash and Erie Canal* to recover damages occasioned by the flowing of water upon the lands of the plaintiffs, resulting from the raising of a dam across the *Wabash* river.

*Held*, that the damages sued for were not occasioned by the taking of land or materials, in the sense of the internal improvement act of 1836, and were not recoverable in the special mode therein prescribed, but in an action on the case at law, and hence the two years limitation did not apply.

*Held*, also, that an individual may use his own land as he pleases, so that he is reasonably careful that such use shall not injure third persons; and this doctrine applies to the use of streets by cities, and highways by the State and counties, through their officers, and is to some extent applicable to private corporations.

*Held*, also, that there are many consequential injuries that may happen to others from the legitimate use of one's own property, for which there is no redress.

Damages resulting from the grading of streets and highways, so far as they consist in rendering the passage to and from adjoining lots more inconvenient and expensive, fall within this class.

May Term,
1861.

WABASH AND
ERIE CANAL
v.
SPEARS.

Saturday,
June 15.

*Held,* also, that there are consequential injuries resulting from the use of one's own, or of another's, property, which will render the person causing them liable to pay damages ; as an unauthorized obstruction, or nuisance, in a street or highway, occasioning special damage ; or a nuisance injurious to the health and comfort of others, erected on one's own land.

*Held,* also, that the diversion of surface water from the land of another, by excavations on one's own, and the backing of water upon the lands of another, by means of. dams, &c., were injuries for which an action would lie at common law.

*Held,* also, that injuries by backing water seem to be embraced in the constitutional inhibition against injuring property by legislative authority, without, making compensation.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Suit by *Spears* and *Case,* commenced in 1854, to recover damages occasioned by the overflow of their land, produced by the action of the *Trustees of the Wabash and Erie Canal* in raising a dam across the *Wabash* river, and in cutting waste ways through embankments, during the period between 1848 and 1854.

Judgment below for the plaintiff.

The damages were not occasioned by the taking of the lands or materials of the plaintiffs, in the sense of the provision of the charter of the corporation (the internal improvement act of 1836), and, hence, were not recoverable in the special mode therein prescribed, but belonged to the class of consequential damages recoverable in an action on the case at law. *The Lafayette Plank-road Company* v. *The New Albany, &c. Railroad Company,* 13 Ind. 90. Hence, the two years limitation for their recovery did not apply. 2 R. S., p. 75.

The opinion in the case may well be thrown into the form of a few propositions :

1. An individual may use his own land as he pleases, so that he is reasonably careful that such use shall not injure third persons. *Young* v. *Harvey, ante,* p. 314; *The New Albany, &c. Company* v. *Peterson,* 14 Ind. 112; Angell on Highways, p. 178, *et seq.*

This doctrine is applied to the use of streets by cities, and highways by the State and counties, through their officers, Angell, *supra,* p. 181, *et seq.; Wood* v. *Mears,* 12 Ind. 515;

*Protzman* v. *The Indianapolis, &c. Railroad, Company*, 9
Ind. 467; *The City of Madison* v. *Ross*, 3 Ind. 236; 5 Ind.
286; *Snyder* v. *Rockport*, 6 *id.* 237; Ind. Dig., p. 316; *Moses
et al.* v. *The Pittsburg, &c. Railroad Company*, 21 Ill. 516.
It applies to some extent, at least, to private corporations.
*The New Albany and Salem Railroad Company* v. *Peter-
son, supra;* Angell on Highways, 189; *The Lafayette, &c.
Company* v. *The New Albany, &c. Company, supra.*

2. There are many consequential damages that may happen
to others from the legitimate use of one's own, for which they
have no redress; which are *damna absque injuria.* Angell
on Highways, 179, 186; see *Lynn* v. *Adams*, 2 Ind. 143;
*Commissioners of Ham. County* v. *Mighels*, 7 O. St. R. 109;
*The New Albany, &c. Company* v. *Peterson, supra.* Dam-
ages resulting from the grading of streets and highways, so far
as they consist simply in rendering the passage to and from
adjoining property more inconvenient and expensive, fall
within this class. Angell on Highways, *supra; The City of
Lafayette* v. *Spencer*, 14 Ind. 399; *Protzman* v. *The Indian-
apolis, &c. Company, supra.*

3. But there are consequential injuries arising from the
use of one's own, or of another's, property, which will render
the person causing them liable to pay damages; as an unau-
thorized obstruction, or nuisance, in a street or highway,
occasioning special damage. *The Indiana, &c. Railway
Company* v. *Boden*, 10 Ind. 96, and cases cited; *Wood*
v. *Mears, supra.* A nuisance injurious to the health and
personal comfort of another, erected on one's own land,
might be such. Diversion of surface water from the land of
another, by excavation on one's own, and the backing of
water, by means of dams, &c., upon the land of another,
were injuries for which an action lay at common law. 3
Blacks. Comm. 217; Angell on Water-courses, 372; Angell
on Highways, 186. And injuries by backing water, seem to be
embraced within the constitutional inhibition against injuring
property by legislative authority, without making compensa-
tion. Angell on Highways, 193, and note from Kent; *Noel* v.
*Ewing*, 9 Ind. on p. 59, and case cited; *The Evansville, &c.
Company* v. *Dick, id.* 433. But in the case at bar, we have

May Term,
1861.

Wabash and
Erie Canal
v.
Spears.

May Term, been cited to no legislative act authorizing the trustees to
1861.      raise the dam, &c., whereby the injury sued for was occa-
BROWN      sioned.
v.
GOODEN.        The special findings in the case were, in one or two par-
ticulars, so contradictory as to neutralize each other; but
they were upon immaterial questions, and there is nothing
in the record inconsistent with the general verdict for the
plaintiffs.

*Per Curiam.*—The judgment is affirmed, with 1 per cent.
damages and costs.

*R. C. Gregory*, *H. W. Chase* and *J. A. Wilstach*, for the
appellants.

*Z. Baird*, *J. E. McDonald* and *A. L. Roache*, for the
appellees.