Nov. Term,
1861.

MACY
v.
THE CITY
OF
INDIANAPO-
LIS.

--- ● ● ● ---

MACY and ANOTHER *v.* THE CITY OF INDIANAPOLIS and Another.

17 267
149 672

17 267
153 343
153 572

Section 59 of the general law for the incorporation of cities (Acts 1857, p. 61,) confers upon the common council ample power to change the grade

Nov. Term, 1861.

MACY
v.
THE CITY
OF
INDIANAPO-
LIS.

of a street, as well as to make any other alteration therein. And this power is continuing, to be exercised from time to time, as the wants of the city may demand; of which necessity the council is made the judge

In the absence of any legal provision authorizing it, consequential damages resulting from a change in the grade of a street can not be recovered by the property holders against the city.

Such consequential injury does not come within that clause of the Constitution which prohibits the taking of private property for the public use, without compensation first assessed and tendered.

Friday,
December 6. ·

APPEAL from the *Marion* Common Pleas.

WORDEN, J.—Complaint by *Macy* and *Turner* against the appellees. Demurrer to the complaint sustained, and judgment for the defendants. The substance of the complaint is, that the common council of the city, in the year 1854, caused the grade of certain streets in the city to be established, and the side walks thereof to be graded and graveled. That the plaintiffs are each the owner of certain lots adjoining the streets thus graded, which have been improved with reference to such grade; the buildings thereon having been erected, fences put up, side walks graded and graveled, and shade trees planted, with direct reference to the grade thus established. That afterward, in 1859, the common council, without the consent of the plaintiffs, and without any necessity therefor, and without first having the damages assessed and tendered to the plaintiffs, changed the grade, so as to require a cut of two feet, interfering materially with the use and enjoyment of the plaintiffs' property; and which, if carried out, will compel them to alter and reconstruct their improvements, made as aforesaid, destroy their shade trees, and otherwise put them to great trouble and expense. That the common council have contracted with the defendant, *Tetcomb*, to grade and gravel the streets in accordance with the grade as thus changed, who has entered upon the work, and has hauled away earth and gravel from the street in front of the lots of the plaintiffs, respectively. Prayer, that the defendants be enjoined, and for other relief.

The questions arising upon the complaint may be resolved into two, and stated as follows: 1. Can the common council, after they have once established the grade of a street,

and after lots adjoining have been improved in conformity to such grade, cause the street to be regraded? 2. If so, can they cause it to be done without first having the consequential damages resulting from such change in the grade to adjoining proprietors, assessed and tendered to them?

Nov. Term, 1861.

MACY
v.
THE CITY
OF
INDIANAPO-
LIS.

By the act of *March* 9, 1857, it is provided that "the common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and to lay out, survey and open new streets and alleys, and straighten, widen, and otherwise alter those already laid out, and to make repairs thereto, and to construct and establish side walks, crossings, drains and sewers." Acts 1857, § 59, p. 61.

This section, as was said in *Wood* v. *Mears*, 12 Ind. 515, confers upon the common council plenary power over the streets and alleys of a city. No provision is made by law for the assessment or recovery of damages sustained by persons in consequence of a change of the grade of a street, or other alteration made therein, unless his property is to be appropriated. Provision is made, however, for assessing and paying damages "to the owner of any land or lot through which any street is proposed to be constructed or altered, or any building thereon appropriated."

The statute above quoted, confers upon the common council ample power to change the grade of a street, as well as to make any other alteration therein. When the grade has been once established, it is no more fixed and unalterable, than is the establishment of the street in any other respect. The power to fix the grade of streets is, undoubtedly, a continuing power, to be exercised from time to time, as the wants and necessities of the city may demand. *Goszler* v. *Corporation of Georgetown*, 6 Wheat. 593; *Smith* v. *The Corporation of Washington*, 20 Howard's (U. S.) R. 135; *O'Connor* v. *Pittsburgh*, 18 Penn. R. 187.

We come to the second question. It may be remarked that the allegation in the complaint, that the change in the grade was made "without any necessity therefor," does not change the case as otherwise made. The common council must be the judges of the necessity of the change. It is not alleged that they acted illegally, wantonly, or maliciously; or

Nov. Term, 1861.

MACY
v.
THE CITY
OF.
INDIANAPO-
LIS.

that they, in any manner, exceeded the powers conferred upon them by law. They having acted within the scope of their authority, the question arises, whether a person whose property is consequentially injured by the change in the grade, is entitled to damages for the injury. It would, no doubt, have been within the legitimate province of the Legislature to make provision for the payment of such damages, but they have not done so. In the absence of such provision, it is clear that damages can not be recovered against the city. It is equally clear that such consequential injury does not come within that clause of our Constitution which prohibits the taking of private property for the public use, without compensation first assessed and tendered. Many authorities are cited upon this point, but it will be sufficient to note the following. *Radcliff's Executors* v. *The Mayor, &c. of Brooklyn*, 4 Comst. 195; *Snyder* v. *The President, &c. of Rockport*, 6 Ind. 237; *The City of Lafayette* v. *Spencer*, 14 Ind. 399; *O'Connor* v. *Pittsburgh, supra;* and *Smith* v. *Corporation of Washington, supra*; *Trustees of Wabash and Erie Canal* v. *Spears*, 16 Ind. 441. A different doctrine is maintained in *Ohio*. *Crawford* v. *The Village of Delaware*, 7 Ohio St. R. 459. This case, so far as we are advised, stands unsupported by any decision in *England,* or in any other State of the Union; and we do not feel at liberty to follow it, against the whole current of authorities.

*Per Curiam.*—The judgment is affirmed, with costs.

*N. B. Taylor*, for the appellants.

*B. K. Elliott*, for the appellees.

(1) By Mr. *Taylor*, for the appellants : The power of the common council is derived from the charter. It has no power except that expressly granted, or necessarily implied, in the charter ; and such power, to be valid and binding on the corporation, or third persons, must be exercised strictly according to the requirements of the charter. 8 Ind. 34; 1 Hill, (N. Y.) 545; 2 *id.* 466; 24 Barb. (S. C. R.) 427 ; 2 Seld. 92; 3 Denio, 249 ; 2 Dutch. 594.

The common council have a grant of exclusive power over the streets, &c., within the city. But this by no means gives the power to do with them as they please. It simply means that they shall have exclusive power over the streets, &c., limited by the objects and trusts for which the power is conferred. *Wood* v. *Mears*, 12 Ind. 521. No power is given them to

violate the admitted rights of individuals, or their own legal duties as trustees. *Lawrence* v. *Mayor, &c. of New York,* 2 Barb. (S. C. R.) 577; *Davis* v. *The Same,* 4 Kernan, 506; *Milhau* v. *Sharp,* 17 Barb. (S. C. R.) 435; *Giltner* v. *Trustees of Carrollton,* 7 B. Mon. 680; *Williams* v. *Brace,* 5 Conn. 190; *Smith* v. *The City of New York,* 4 Sandf. 221.

Have the owners of lots bordering on a street, such an interest in the street as would entitle them to relief, if the power of the council over the streets is exercised, or attempted to be exercised, to their injury?

That they have, can not be doubted. See *Snyder* v. *The President, &c. of Rockport,* 6 Ind. 238; *Tate* v. *The Ohio, &c. Railroad Co.,* 7 Ind. 479; *Kyle* v. *Malin,* 8 Ind. 34; *Lawrence* v. *The Mayor, &c. of New York,* 2 Barb. (S. C. R.) 577; *De Baun* v. *The Same,* 16 *id.* 392; *Davis* v. *The Same,* 4 Kernan, 506; *Howell* v. *The City of Buffalo,* 1 Smith, 512.

(2) By Mr. *Elliott,* for the appellees: The common council have power to alter the grade of a street after it has been once established, and the corporation is not responsible for consequential damages necessarily resulting from the lawful exercise of such power.

The following authorities *fully* sustain this proposition:

*Plate Glass Co.* v. *Meredith,* 4 T. R. 794; *Boulton* v. *Crowther,* 2 B. & C. 703, (9 E. C. L. Rep. 227); *King* v. *Commissioner of Sewers,* 8 B. & C. 237; *Goszler* v. *Corporation of Georgetown,* 6 Wheat. (5 Curtis, 181,) 593; *Henry* v. *Pittsburgh Bridge Co.,* 8 Watts & Serg't, 85; *Benedict* v. *Goit,* 3 Barb. 459; *Radcliffs' Ex'r* v. *Brooklyn,* 4 Comstock, 195; *Matter of Furman Street,* 17 Wendell, 649; *Wilson* v. *Mayor,* 1 Denio, 595; *Methodist P. Church* v. *Mayor, &c.,* 6 Gill, 391; *Keasy* v. *City of Louisville,* 4 Dana, 154; Sedg. on Damages, top p. 603; *Davis, et al.* v. *Mayor, &c.,* 4 Kernan, 506; *Williams* v. *New York Central Railroad,* 18 Barb. 246; *Ely* v. *Rochester,* 26 Barb. 133; Angell on Highways; *Creal* v. *Keokuk,* 4 Greene, (Iowa,) 47; 1 Chitty, Pl. 77, and cases cited n.; *Harris et al.* v. *Mayor &c.,* 1 Humphreys, 403; *Taylor* v. *St. Louis,* 14 Mo. 20; 14 Conn. R. 146; *St. Louis* v. *Gurno,* 12 Mo. 414; *Harman* v. *Tappenden,* 1 East, 555; *Commissioners, &c.* v. *Withers,* 29 Miss. 21; *Woodfolk* v. *Nashville, &c. Co.,* 2 Swan, 422; *Chapman* v. *Albany Railroad,* 10 Barb. 360; *People ex rel., &c.* v. *Brooklyn,* 21 Barb. 484; *Graves* v. *Otis,* 2 Hill, 466; 1 Am. Law Mag. 52; 1 Livingston's Law Mag. 39; *Chapman* v. *Albany, &c. Railroad,* 10 Barb. 360; (See opinion, *Harris,* J., p. 362); *Drake* v. *Hudson Railroad,* 7 Barb. 508; *Lexington & Ohio Railroad* v. *Applegate,* 8 Dana, 289; *Snyder* v. *Rockport,* 6 Ind. 237; *Protzman* v. *Indianapolis & Cincinnati Railroad,* 9 Ind. 468; (See opinion, *Perkins,* J., p. 468); *Green* v. *Borough of Reading,* 9 Watts, 382; *O'Connor* v. *Pittsburgh,* 18 Penn. 187; *Sutton* v. *Clarke,* 6 Taunt. 298; *Alston* v. *Scales,* 9 Bing. 3.