THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, Respondent, *against* GEORGE M. CHAPMAN, Appellant.

(Decided February 6th, 1882.)

Under L. 1871, c. 625, § 28, as amended by L. 1874, c. 547, enacting that certain buildings therein described "shall be provided with such fire escapes, alarms, and doors, as shall be directed by the Superintendent of Buildings," an owner of such buildings, although he has once provided them with fire escapes, in compliance with the direction of that officer, may subsequently be required to provide additional fire escapes therefor.

APPEAL from a judgment of a district court in the City of New York.

The action was brought in a district court, to recover a penalty for non-compliance by the defendant, with an order to provide additional fire escapes upon a building belonging to him. It appeared that the fire escapes already there had been approved, by the then Superintendent of Buildings. Judgment was rendered for the plaintiff. From the judgment the defendant appealed to this court.

*Julius Lipman*, for appellant.

*William L. Findley*, for respondent.

BEACH, J.—[After stating the facts as above.]—No question is raised upon the validity of the legislative enactment, which was within the power of the legislature as a police regulation, which extends "to the protection of the lives, limbs,

health, comfort and quiet of all persons and all property within the state."

The contention urged by the learned counsel for the appellant is, that having once placed upon his building appurtenances approved by the proper official, his only remaining duty under the act is to keep them in proper condition. The section reads as follows : "Any dwelling-house now erected, or that hereafter may be erected more than two stories in height, occupied by, or built to be occupied by, two or more families, in any floor above the first, shall be provided with such fire escapes, alarms and doors as shall be directed by the superintendent of buildings. And the owner or owners of any building upon which any fire escapes may now be, or may hereafter be erected, shall keep the same in good repair, and well painted" (L. 1871, c. 625, § 28; amended L. 1874, c. 547). If this law, instead of confiding the power of directing the mode of compliance to the superintendent of buildings, had named a known style of fire escape, it would most certainly be within the power of the legislature to change the appliance for one totally different, compelling owners of buildings to cease the use of one, and replace with the other. This would be only an exercise of a continuing power, to make general regulations needful to the common good and general welfare, subject to which all property within the state is held, by title however absolute. The legislature has conferred this power of direction upon an official, and it is neither circumscribed nor exhausted by one exercise. The leading case of *Gozler* v. *Georgetown* (6 Wheat. 593), in principle decides the question. There, the municipal corporation had "full power to make such by-laws and ordinances for the graduation and leveling of streets as they may judge necessary for the benefit of the town." An ordinance appointed commissioners to grade certain streets, and provided that the level and graduation when signed by the commissioners and returned to the corporation clerk, should *forever hereafter* be the true graduation of the streets, and be binding upon the corporation and all persons, and be *forever hereafter* regarded in making improvements upon the streets. The plaintiff made improvements accord-

ing to this grade, and afterwards the corporation by ordinance directed the grade lowered, to plaintiff's injury. The bill for an injunction was dismissed, the court holding that the power to graduate given by the legislature was a continuing one, and not exhausted by its first exercise, and the provision of the ordinance was not in the nature of a compact, and therefore not final and irrepealable. Similar powers have frequently been held to be continuing like other legislative powers, unless the contrary be indicated, by adjudications in many of the states (*Smith* v. *Washington*, 20 How. [U. S.] 135; *Macy* v. *Indianapolis*, 17 Ind. 267; *Hoffman* v. *St. Louis*, 15 Mo. 657; *New Haven* v. *Sargent*, 38 Conn. 50).

The judgment of the court below should be affirmed.

VAN BRUNT, P. J., concurred.

Judgment affirmed.