No. 11,625.

THE CITY OF KOKOMO ET AL. *v.* MAHAN.

CITY.—*Street.*—*Sidewalks.*—The word "street" embraces sidewalks, and the statute requiring compensation for damages resulting from a change of grade applies to changes in the grade of a sidewalk.

SAME.—*Change of Grade.*—*Compensation for Damages.*—*Injunction.*—Where a change in the established grade of a street occasions serious injury to an adjoining property owner, he may maintain an injunction to restrain the municipal authorities from proceeding until the damages are assessed and tendered as provided by statute.

SAME.—*Authority to Improve Streets.*—*Right to Collect Assessment for Cost of Second or Subsequent Improvement.*—The authority to improve streets is a continuing one, and the corporate authorities may make a second or subsequent improvement, and collect the expense thereof from the adjoining lot owners.

SAME.—*Discretion of Corporate Authorities.*—*Injunction.*—The municipal authorities are invested with the power of determining when a second improvement is necessary, and the courts can not control this discretionary power by injunction.

SAME.—*Change of Grade.*—*Character of Injury Resulting.*—An averment in a complaint, that "the plaintiff will sustain damages, occasioned by the change of grade, in the sum of $——," is not sufficient to entitle the plaintiff to an injunction, because it does not show that the damages will be of a serious character.

SAME.—*Constitutional Law.*—*Consequential Damages Resulting from Change of Grade.*—Consequential injuries resulting from a change in the grade of a street do not constitute a taking of private property for a public use within the meaning of the Constitution, and a property owner can only claim damages for such injuries in cases where the right to damages is given by statute.

From the Howard Circuit Court.

*J. W. Kern, J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellants.

*M. Bell* and *W. C. Purdum,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that he is the owner of a lot in the city of Kokomo, fronting on Taylor street; that on the 12th day of August, 1874, the common council of the city legally adopted an ordinance for the construction of a sidewalk in front of appellee's lot; that

The City of Kokomo *et al. v.* Mahan.

it was provided in the ordinance that the sidewalk should be constructed upon the grade established by the civil engineer; that the engineer, pursuant to the provisions of the ordinance, did establish the grade, and that the sidewalk was constructed upon the grade established, and in accordance with the requirements of the ordinance. It is also alleged that the common council of the city, on the 25th day of June, 1883, adopted an ordinance providing for the construction of a new sidewalk, and so changing the grade as to raise the sidewalk from four to six inches above the former grade; that the city has awarded a contract for the improvement of the sidewalk under the provisions of the ordinance of June, 1883, and that the contractor has entered upon the work, and will proceed with it unless enjoined. The allegations upon the subject of the injury, which it is asserted will result from the proposed change of grade, are as follows: "Plaintiff further avers that if said work is allowed to proceed, and he is compelled to pay therefor under said ordinance, he will be greatly damaged, to wit, in the sum of $75.56. Plaintiff further avers that he will sustain damages occasioned by said proposed change of grade in the sum of $——, unless said defendants are restrained and enjoined from proceeding therewith."

The statute requiring compensation to be assessed and tendered in cases where a change is made from an established grade applies to sidewalks. It would be a perversion of the language of the statute to hold that it applies only where the grade of the part of the street used for passage by horses and vehicles is changed. Such a construction would defeat the purpose of the statute. It is too well settled to admit of debate, that the term "street" in its ordinary acceptation includes sidewalks, and that it is always given that meaning unless the language with which it is associated changes or restricts its signification. *State* v. *Berdetta*, 78 Ind. 185 (38 Am. R. 113); 2 Dillon Munic. Corp. (3d ed.), section 780, n. 1.

We have no doubt that in a proper case the property owner may maintain an injunction to restrain a municipal corpora-

tion from making a change of grade in a street without first causing the damages to the property owner to be assessed and tendered him as the statute requires. The owner is not bound to wait until the improvements are completed, and then sue for damages. This is expressly decided in *City of Logansport* v. *Pollard*, 50 Ind. 151, and the decision is in harmony with many other decisions upon kindred subjects.

The authority to improve streets is in its nature a continuing one, and is not exhausted by directing one or more improvements, but may be exercised as often as the public welfare demands. *Macy* v. *City of Indianapolis*, 17 Ind. 267; *Goszler* v. *Corporation of Georgetown*, 6 Wheat. 507. This settled principle necessarily leads to the conclusion that the municipal authorities may collect the cost of a second or subsequent improvement from adjoining lot owners, and so it has been often decided. *City of Lafayette* v. *Fowler*, 34 Ind. 140; *Yeakel* v. *City of Lafayette*, 48 Ind. 116; *Williams* v. *Mayor, etc.*, 2 Mich. 560; *McCormack* v. *Patchin*, 53 Mo. 33; S. C., 14 Am. R. 440; *Gurnee* v. *City of Chicago*, 40 Ill. 165; *Municipality, etc.*, v. *Dunn*, 10 La. An. 57; 2 Dillon Munic. Corp. (3d ed.), section 780.

The municipal authorities are invested with the discretionary power of determining when improvements are required, and the question of when they are necessary can not be determined by the courts. *Macy* v. *City of Indianapolis, supra; Smith* v. *Corporation of Washington*, 20 How. (U. S.) 145. Judge DILLON, in speaking of the power to improve streets, says: "It may, therefore, be exercised from time to time, as the wants of the municipal corporation may require. Of the necessity or expediency of its exercise, the governing body of the corporation, and not the courts, are the judges." 2 Dillon Munic. Corp. (3d ed.), section 686. This is in harmony with the general principle, so often declared by this and other courts, that a court will not interfere with the exercise of a discretionary power conferred upon another tribunal, or upon a public officer. *Mayor, etc.*, v. *Roberts*, 34 Ind. 471.

It is evident that the fact that the city is threatening to collect the cost of the second improvement from the appellee adds nothing to the force of his complaint, for, as the authorities we have referred to clearly establish, the city had a right to do this, and it would be a manifest absurdity to affirm that a party can be enjoined from doing, in a lawful way, what he has full legal authority to do.

The only legal injury (if it be proper to call the injury alleged a legal one) shown is that described in the averment, reading thus: "The plaintiff will sustain damages occasioned by the change of grade in the sum of $————." This is very far from such a showing as will authorize interference by injunction.

It has been repeated again and again, that injunction is the strong arm of the law, and will be granted only when the injury shown is of a serious character. The equity rule was that it would only be granted when the injury was irreparable, but this rule has been much modified by our statute and our decisions. *Erwin* v. *Fulk*, 94 Ind. 235. The extent of the injury is not here shown, and if we were authorized to fill the blank left by the pleader, we should be compelled to presume that the extent of his injury was one dollar, and no more, and to insert that sum in the blank. Where a party is required to affirmatively show a value, or show the amount of a sum of money, his failure to do so requires the court to presume that the amount or value was the lowest that could reasonably be affixed to the property or money. Broom L. Max. 576; 2 Greenl. Ev., section 129a. We can not presume that so slight a change in the grade as that described in the complaint will do the appellee any harm; for aught that appears it may be of positive benefit to him. Indeed, the presumption is against him, for it is an elementary rule that public or municipal officers will be presumed to have done their duty, and not to have encroached upon individual rights.

The injunction can not be sustained upon the ground that the regrading of the street was a seizure of private property.

The City of Kokomo *et al. v.* Mahan.

The cases are very harmonious upon the point that a change in the grade of a street is not the seizure of private property for a public purpose. They are far too numerous for citation, and we refer to a very few of the many : *Macy* v. *City of Indianapolis, supra; City of Lafayette* v. *Spencer,* 14 Ind. 399 ; *City of Delphi* v. *Evans,* 36 Ind. 90 (10 Am. R. 12) ; *City of Lafayette* v. *Bush,* 19 Ind. 326 ; *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135) ; Cooley Const. Lim. (5th ed.) 252, 673, and authorities n. 1.

The right to compensation for damages resulting from a change of grade exists only by virtue of statute. The case made by the complaint is, therefore, wholly unlike the case of the assertion of a right to appropriate private property for a public use. The utmost that can be justly claimed in such a case as this is, that the public corporation is proceeding to make a change of grade without assessing and tendering the consequential damages resulting from the change, in accordance with the provisions of the statute upon the subject.

The statute which gives a right to compensation in cases where there is a change of grade necessarily implies that there must be an injury resulting. It would be a solecism to affirm that compensation must be paid where there is no injury or loss to be compensated. The language of the statute is that the grade shall not be changed " until the damages occasioned by such change shall have been assessed and tendered." R. S. 1881, section 3073. This clearly implies that where there is no injury there need be no assessment. The cases of *Sims* v. *City of Frankfort,* 79 Ind. 446, *vide* p. 454, and *City of Columbus* v. *Storey,* 33 Ind. 195, fully sustain our conclusion that in such a case as this the plaintiff can not have relief by injunction without at least showing substantial damages or an injury of a serious character.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed Feb. 17, 1885.