RILEY v. ACKLEY.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. ACCOUNTING—EVIDENCE TO SUPPORT.
   On the conveyance of a farm by defendant to plaintiff it was agreed that defendant should keep the farm for a certain time, and supervise the working of it, and account to plaintiff for the result. In an action to compel such accounting defendant claimed a credit for starch feed used for the cattle on the farm. Plaintiff claimed that such starch feed, being the residue left from grain after the starch has been extracted, was prohibited by Laws N. Y. 1885, c. 183, § 16; Laws 1887, c. 430, § 1,—providing that milk drawn from cows fed from distillery waste, or any substance in a state of fermentation or putrefaction, or upon any unhealthy food whatever, shall be declared unhealthy, etc. There was no proof on the subject, and no finding relating to it. *Held*, that the item must be allowed.

2. EXCHANGE—PERFORMANCE OF CONTRACT.
   On an exchange of buildings of plaintiff, in course of construction, for property of defendant, the buildings were completed by plaintiff pursuant to agreement, and were accepted by defendant. Afterwards the fire department of the city in which they were, acting within its discretion, required the placing of a fire-escape on the buildings, in addition to one which plaintiff had constructed. *Held*, that plaintiff was not liable to defendant for the cost thereof.

Appeal from judgment on report of referee.

Action by Charles Riley against John T. Ackley. Defendant appeals from a judgment for plaintiff, entered on trial by a referee.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James Demarest, (E. B. Barnum, of counsel,)* for appellant. *E. T. Rice,* for respondent.

BRADY, J. This action was brought to compel an accounting. It appears that during the year 1883 the plaintiff built on Forty-Eighth street a number of first-class tenement houses for the purposes of sale, and during the summer, as some of the houses approached completion, they were placed in the hands of a broker for sale. Through his instrumentality the plaintiff and defendant were brought together, and they entered into a contract, dated August 18th, whereby the plaintiff contracted to sell to the defendant four of the houses, and purchased from the defendant a dairy farm at Goshen, upon which the defendant had lived for many years. The contract in relation to the farm covered the stock, crops, implements, etc., therein, as per schedule annexed. The plaintiff visited the farm for the first time in the day the contract bears date. The deeds of the houses and the farm were dated, respectively, September 15, 1883, when it was arranged that the defendant should continue to keep the farm until April 1, 1884, to supervise the working of it, and account to the plaintiff for the result. The defendant kept the farm until May 1st, but rendered no account to the plaintiff. The defendant averred by his answer that he had accounted, and set up matters of counter-claim, and a reference was ordered to hear and determine all the issues. The counter-claim of the defendant was for damages sustained by reason of the plaintiff's failure to complete certain of the buildings he had purchased from the plaintiff, and also for house furnishing and farming implements sold to the plaintiff. The learned referee decided that there should be an accounting, and it was accordingly had. This accounting involves a great many details, and presents evidence elaborately given.

On the evidence revealed by the record there can be no doubt that the accounting was properly ordered, and it is equally certain, so far as may be ascertained by reading such testimony, that except in three particulars the referee was right in his conclusions in reference to the state of the accounts. There was an item placed to the credit of defendant of $25.66 for grinding feed, which was not allowed among the items credited, although found in the defendant's favor by the referee. There was next an item of $577.20 for starch feed, as it was designated by the vendor in the bill, to which plaintiff

objected, and which was disallowed. It appears to have been bought before the contract made between the parties, and, with the exception of one load, to have been delivered before the farm was in possession of the plaintiff. It is claimed, therefore, not to have been a purchase made on his account, and that he should not be called upon to recognize it. But it appears that it was not embraced in the schedule annexed to the bill of sale, and, further, that it was used for the plaintiff's cattle under the agreement by which the defendant was to take charge of the farm. It is not denied that it was so used; but an objection is interposed, resting upon the fact that starch feed, being a residuum left from grain, after the starch has been extracted, is prohibited by the statute, (Laws 1885, c. 183, § 16; Laws 1887, c. 430, § 1,) and which provides that milk drawn from cows fed from distillery waste, or any substance in a state of fermentation or putrefaction, or upon any unhealthy food whatever, shall be declared unclean, unhealthy, improper, and unwholesome; the plaintiff contending that the process by which the starch was extracted was fermentation. But there is no proof on this subject, and there is no finding relating to it by the referee, and it will be observed from the extract given of the statute that it relates to milk drawn from cows so fed. The absence of proof that the feed was in contravention of the statute prevents the application of its provision, and is a complete answer to the objection resting on that proposition. It also appears that 19 window-shades were sold to the plaintiff by the defendant. The plaintiff does not deny the purchase, but insists that he was only to pay what they were worth, upon which subject there is no evidence other than that given by himself, viz., that they were worth from 30 to 40 cents apiece. It is thought that, upon such a condition of things, an allowance of at least 40 cents each should have been made, which would amount to $7.60. An examination of the testimony relating to the other items in dispute has led to the conclusion that the referee's judgment upon them should not be disturbed. There is no rule of evidence which may be invoked in defendant's favor which would justify any other disposition.

In regard to the counter-claim founded upon the alleged failure to complete the buildings, it is only necessary to say that the testimony is extremely conflicting, and that it is not possible to say with any certainty that the testimony on the subject preponderates in favor of the defendant; and the result must be that the judgment cannot be disturbed.

It is only necessary to make one further allusion to the counter-claim, and that is with respect to the item for the construction of a fire-escape in front of the building. One fire-escape was put on the building by the plaintiff, and they were accepted by the defendant as complete, with the exception of apparently insignificant matters, for which the referee has made the proper allowance. The fire department, however, in the exercise of its discretion, and after the buildings were completed and accepted by the defendant, directed that fire-escapes should be placed upon the front of the building. This they had a right to do in the exercise of the discretion vested in them by Laws 1882, vol. 2, p. 137, § 499,—a discretionary power, which has been held to be continuous, and not exhausted by a single exercise of it. *Fire Department* v. *Chapman*, 10 Daly, 377. It may be said also that the defendant knew of their condition when he accepted the houses,—four of them in September, and three in December, 1883. The judgment should be modified so as to give credit to the defendant for the items hereinbefore mentioned, and, as modified, affirmed, without costs.

DANIELS, J. I concur, with the understanding that the respondent consent to the modification.

VAN BRUNT, P. J., concurs.