Burket, J.
The only question in this case arises upon the following findings of fact by the circuit court:
“Said structure was erected upon the land of the defendant and belong-ed to him. The structure was erected by said defendant from motives of unmixed malice toward said plaintiff, and for no useful, or ornamental purposes of the property of said defendant.”
It is not claimed that the person' of the plaintiff was interfered with in this ease, so that we have for consideration only the rights of property.
The fence complained of is upon the land of the defendant and belongs to him. Plaintiff fails to aver, and the court fails to find, that she has any right to, or upon, the lot of defendant below by contract, statute, or any other way known to the law for acquiring a right to, in, or upon lands, unless such right may be acquired by, and transferred to her, by means of the aforesaid “motives of unmixed malice.” This is a manner of acquiring on the one hand, and of transferring on the other, a right to property unknown to the law. .
But it is urged in her behalf,, that even if she had no right of property, and even if he was the owner of the lot, that he could not use his own land for the purpose of erecting structures thereon which sub-serve no useful or ornamental purpose, and are erected through motives of unmixed malice towards his adjoining neighbor.
It is and must be conceded that he might, by erecting a building on his lot, shut off her light and air to exactly the same extent as is done by this fence, and that in such case she would be without right and without remedy, even though done with the same feelings of malice as induced him to erect the fence; *81 thus making his acts lawful when the malice is seasoned with profit, or some show of profit to himself, and unlawful when his malice is unmixed with profit, the injury or inconvenience to her, meanwhile, remaining- the same in both cases. If through feelings of malice he desires to shut the light and air from her windows, it is nothing to her whether he makes a profit or loss thereby. Her injury is no greater and no less in the one case than in the other. As to her it is the effect of the act, and not the motive.
In effect he has the right to shut off the light and air from her windows by a building on his own premises; and she is not in effect concerned in'the means by which such effect is produced, whether by a building or other structure; nor is she concerned as to the motive, nor as to whether he makes or loses by the operation. In the one ease she might have a strong suspicion of' his malice, while in the other such suspicion would be ripened into a certainty. But this is nothing to hér as affecting- a property right. ■ As long as he keeps on his own property, and causes an effect on her property which he has a right to cause, she has no legal right to complain as to the manner in which the effect is produced, and to permit her to do so, would not be enforcing a right of property, but a rule of morals. It would be controlling and directing his moral conduct by a suit in équity, by an injunction.
To permit a man to cause a certain injurious effect upon the premises of his neighbor by the erection of a structure on his own premises if such-structure is beneficial or ornamental, and to prohibit him from causing the same effect in case the structure is neither beneficial nor ornamental, but erected from motives of pure malice, is not p ro *82 tecting a legal right, but is controlling his. mo ral conduct. In this state a man is free to direct his moral conduct as he pleases, in so far as he is not restrained by statute.
But it is said that such acts are offensive to the principles of equity. Not so. There is no conflict between law and equity in our practice, and what a man may lawfully do cannot be prohibited as inequitable. It may be immoral, and shock our notions of fairness, but what the law permits, equity tolerates. It would be much more inequitable and intolerable to allow a man’s neighbors to question his motives every time that he should undertake to erect a structure upon his own premises, and drag him before a court of equity to ascertain whether he is about to erect the structure for ornament or profit., or through motives of unmixed malice.
The ease is not like annoying a neighbor by means of causing smoke, gas, noisome smells, or noises to enter his premises, thereby causing’ injury. In such cases something is produced on one’s own premises and conveyed to the premises of another; but in this case nothing is sent, but the air and light are withheld. A man may be compelled to keep his gas, smoke, odors and noise at home, but he cannot be compelled to send his light and air abroad. Mullen v. Stricker, 19 Ohio St., 135.
If smoke, gas, offensive odors, or noise pass from one’s own premises to or upon the premises of another to his injury, an action will lie therefor, even .though the smoke, gas, odor or noise should be caused by the lawful business operations of defendant and with the best of motives. Broom’s Legal Maxims, 372.
In such cases it is the effect or injury, and not the motive, that is regarded. The true test is, *83 whether anything recognized by law as injurious, passes from the premises of one neighbor to that of another. Anything so passing invades the legal rights of him whose premises it reaches, and such rights will be protected. But courts cannot regulate or control the moral conduct of a man, unless authorized so to do by statute.
The following eases, cited by plaintiff in error, bear more or less upon the question involved in this case, and.seem to produce a decided weight of authority in his favor: Frazier v. Brown, 12 Ohio St., 294; Falloon v. Schilling, 29 Kan., 292; Mahan v. Brown, 13 Wendall, 261; Greenleaf v. Francis, 18 Pick., 123; Chatfield v. Wilson, 28 Vt., 49.
The following additional authorities are to the same effect:
Gould on Waters, section 280, citing: Chasmore v. Richards, 7 H. L. Cas., 349; Dickinson v. G. F. Canal Co., 7 Exch., 282; Acton v. Blundell, 12 M. & W., 324; Hammond v. Hall, 10, Sim., 552; Cooper v. Barber, 3 Taunt., 99; Balston v. Bensted, 1 Camp., 463; Galgay v. G. S. R'y Co., 4 Ir. C. L., 456; Chase v. Silverstone, 62 Me., 175; Roath v. Driscoll, 20 Conn., 533; Brown v. Illius, 27 Conn., 84; O. G. C. M. Ass'n v. A. P. Com'rs, 40 N. J. Eq., 447; Taylor v. Fickas, 64 Ind., 167; Delhi v. Youmans, 45 N. Y., 362; Dexter v. Providence Aq. Co., 1 Story, 387; Wheatly v. Baugh, 25 Pa. St., 528; 64 Amer. Dec., 721, note; Hough’s App., 102 Pa. St., 442; 48 Amer. Rep., 193, note; Haldeman v. Bruckhart, 45 Pa. St., 514; Coleman v. Chadwick, 80 Pa. St., 81; Trout v. McDonald, 83 Pa. St., 144; Lybe's App., 106 Pa. St., 626; Smith v. Adams, 6 Paige, 435; Elster v. Springfield, 49 Ohio St., 82; Ellis v. Duncan, 29 N. Y., 466; Radcliff v. Brooklyn, 4 N. Y., 195, 200; Pixley v. Clark, 35 N. Y., 520; Goodale v. Tuttle, 29 N. Y., 466; Bliss v. Greeley, 45 N. Y., 671; Clark v. Conroe, *84 38 Vt., 469; Taylor v. Welch, 6 Ore., 198; Mosier v. Caldwell, 7 Nev., 363; N. A. R'y Co. v. Peterson, 14 Ind., 112; Bassett v. S. Mfg. Co., 43 N. H., 573; 30 Cent. L. Jour,, 269; 23 Amer. L, Rev., 376; Davis v. Afong, 5 Haw., 216.
The defendant in error cites the cases reviewed in Frazier v. Brown, 12 Ohio St., 294, and also the case of Burke v. Smith, 69 Mich., 380. Most of the eases cited are cases arising out of interference with wells, springs and percolating waters; such cases bear but slightly upon the question. ^ The Michigan ease is substantially like the case under consideration. In that case the lower court enjoined the defendant, and that judgment was affirmed by an equally divided court. The syllabus says that the court being equally divided, nothing is decided. As nothing was decided, the ease is not an authority on either side of the question.
But it is strongly urged by counsel for defendant in error, that the maxim, ‘ ‘Enjoy your own propperty in such a manner as not to injure that of another person, ” applies in such eases ás this, and that as it must be conceded that the fence in question is an injury to the property of defendant in error, that his acts are in conflict with the above maxim.
At first blush this would seem to be so, but a careful consideration shows the contrary. The maxim is a very old one, and states the law too broadly. In this case, for instance, it is conceded that the plaintiff in error had the right to enjoy his property by erecting a house so as to do the same injury which was done by the fence, and that while that • would be an injury to the property ox defendant in error, she would be without remedy, *85 and Ms act in erecting such house would not be regarded as violating the maxim.
In Jeffries v. Williams, 5 Exch., 797, it was claimed, and in Railroad Company v. Bingham, 29 Ohio St., 369, it was held, that the true and legal meaning of the maxim is, “So use your own property as not to injure the rights of another.” Boynton, J., in that case says: “Where no right has been invaded, although one may have injured another, no liability has been incurred. Any other rule would be manifestly wrong. ’ ’ The maxim should be limited to causing injury to the rights of another, rather than to property of another, because for an injury to the rights of another there is always a remedy, but there may be injuries to the property of another for which there is no remedy, as in draining a spring or well, or cutting off light and air or a pleasant view by the erection of buildings, and many other cases which might be cited.
Thus limiting the maxim to the rights of the defendant in error, it is plain that the acts of plaintiff in error in the use which he 'made of his property did hot injure any legal right of hers, and that therefore what he did, was not in violation of such maxim.
The circuit court erred in overruling the demurrer to the petition, and in rendering judgment in favor of defendant in error upon the facts as found by the court. The judgment of the circuit court is therefore reversed, and proceedings to render such judgment as the circuit court should have rendered upon the facts found, the petition of plaintiff below is dismissed at her cost.

Judgment reversed. ■